MITCHELL, RESPONDENT, *v.* McCORMICK, APPELLANT.

[No. 1,045.]

[Submitted February 16, 1899.  Decided February 27, 1899.]

*Quieting Title — Pleading—Homestead — Excessive Value— Lien.*

1. A denial, in an answer to a bill to quiet title, that the property in controversy is plaintiff's homestead, and that a sale made under defendant's judgment is void or a cloud on title, raises issues of law, and not of fact.
2. Under an admission that property in controversy is a homestead, and has been set apart as provided by law, it cannot be objected that the homesteader did not allege its statutory value in the declaration of homestead.
3. Under the statutory limitation that a homestead shall not exceed $2,500 in value, the debtor will be protected to that amount, though it exceeds such value.
4. An allegation, in a complaint to quiet title, that "during all the times mentioned in the complaint, and for a long time prior thereto, plaintiff has been residing with her husband in and upon, and in the actual possession" of, the property in controversy, is a sufficient allegation of residence in the State at the dates mentioned in the complaint.
5. A money judgment cannot be impressed as a lien on a homestead without a showing that the money was borrowed for the purpose of buying the homestead, it not being sufficient that the money did buy the homestead.

*Appeal from District Court, Silver Bow County; W. O. Speer, Judge.*

BILL by Malvina B. Mitchell against John McCormick. There was a decree for plaintiff, and defendant appeals. Affirmed.

Statement of the case by the Justice delivering the opinion.

This action was brought by plaintiff to quiet title to lot 6, block 18, in the original townsite of Butte, county of Silver Bow, Montana.

The plaintiff alleges that during all the times mentioned in the complaint, and for a long time prior thereto, she has been residing, with her husband, J. E. Mitchell, in and upon, and in the actual possession of, this property; that she claims the title thereto in fee simple, and that the same constitutes the homestead of herself and her husband; that on October 12, 1895, she made and executed a declaration of homestead thereon, and filed the same in the office of the clerk and recorder of Silver Bow county, Montana; that on January 22, 1896, she made and executed an amended declaration upon the same property, and filed it in the same office; that on January 24, 1896, in the District Court of the Second Judicial District of the State of Montana, in and for the County of Silver Bow, a judgment was entered in favor of John McCormick, the defendant herein, and against the plaintiff herein, for the sum of $1,000 and costs of action; that on March 3, 1896, an execution was issued thereon, and placed in the hands of Sam J. Reynolds, the sheriff of Silver Bow county, to be executed; that under this execution the said sheriff levied upon, and afterwards, on March 27, 1896, sold, the premises at sheriff's sale to the defendant, and delivered to him a certificate of sale; and that said sale is void and constitutes a cloud upon plaintiff's title.

The declaration and amended declaration are made part of the complaint, as Exhibits "A" and "B." Both contain the statements required by law to be contained in them, and are properly acknowledged.

The answer denies that the property constitutes the plaintiff's homestead, as against defendant's judgment, and that the sale is void and a cloud on plaintiff's title. Then, after formally admitting all the other allegations of the complaint, it alleges affirmatively the recovery of the judgment, the sale by the sheriff of Silver Bow county to the defendant, and then proceeds: "That the said sum of one thousand dollars, for

which judgment was by the defendant herein obtained against the plaintiff as aforesaid, was and is for money loaned by the defendant to the plaintiff at the instance and request of the plaintiff, and that the said sum, and the whole thereof, was used by her in the purchase of said lot numbered six in block numbered eighteen of the original townsite of Butte, and in the erection and construction of the improvements thereon.''

To this answer a general demurrer was interposed. This was sustained. The defendant having elected to stand on his answer, judgment was entered for plaintiff, declaring the sale of the property by the sheriff void, and that defendant obtained no interest therein by his purchase. From this judgment defendant appeals.

*John W. Cotter,* for Appellant.

BRANTLY, C. J.—No issue of fact is raised by the answer. The denial that the property in controversy is the homestead of plaintiff and her husband, as against the judgment of defendant, is equivalent to an allegation that it is their homestead, but that it is yet subject to sale in satisfaction of his judgment. The formal admission is also made that the homestead was selected as the law provides. It then appears that the property in controversy was at the time the judgment was recovered already impressed with the homestead character. The question presented by the denial, therefore, is whether a simple money judgment is a lien upon a homestead,—a pure question of law, and not an issue of fact.

The same may be said as to the other denial. The issue raised is a difference of opinion between the parties as to whether the proceedings set out in the complaint have created a cloud upon plaintiff's title to her homestead property. The substance of the answer is an admission of all the plaintiff claims, and an effort to avoid the consequences of this admission by attempting to bring defendant's judgment within the class of cases enumerated in Section 1674, Civil Code, in which the homestead is not exempt.

The fact that the property in controversy is plaintiff's home-

stead, and that it has been set apart as provided by law, all of which is admitted in the answer, relieves the plaintiff from the necessity of alleging the statutory value. We do not understand that a piece of property must be of the value of $2,-500, or less, before it can be impressed with the homestead character. The statute provides that the declaration shall contain a statement showing (1) that the person making it is the head of a family; (2) that he is residing on the premises, and claiming them as his homestead; (3) a description of the premises; and (4) an estimate of their actual value. (Civil Code, Sec. 1701.) ''From and after the time the declaration is filed for record, the premises therein described constitute a homestead.'' (Civil Code, Sec. 1703.) It is to be understood, however, that the statements contained in the declaration must be true. It does not follow that, if the property selected for a homestead is of greater value than $2,500, the law will not protect the claimant to the extent of his rights as the head of a family. If this were true, then the head of a family owning a ''dwelling house in which he resides and the land on which the same is situated'' (Civil Code, Sec. 1670), of greater value than the statutory amount, could not select a homestead from it at all. If he should make his selection of property which at the time conformed in value to the statutory limit, yet, if afterwards it should appreciate in value beyond this limit, the selection would be of no avail against the attacks of importunate creditors. The declaration must contain the *estimated* value, not the statutory value. (Civil Code, Sec. 1701.) This having been made as provided by law, the premises become impressed with the homestead character, and the claimant will be protected in his rights. The purpose of our statutes (Civil Code, Secs. 1670–1701) is to carry out the mandate of the Constitution (Section 4, Art. XIX), ''that the legislative assembly shall enact liberal homestead and exemption laws.'' There is no limitation in the statute providing the mode of selection, either as to the area or value of the property to be selected. If the area is exceeded, the amount of excess can be ascertained by measure-

ment, and thus reached by the creditor. If the value is exceeded, the excess may also be reached, as provided in Sections 1670 to 1692, inclusive. We do not see any conflict in the provisions of Sections 1693 and 1701. The chapter of which the first is a part makes provision as to persons entitled to homesteads, the property from which they may be carved, the mode by which they may be alienated, incumbered or abandoned, and the remedies by which they may be subjected to the claims of execution creditors. On the other hand, the chapter to which the latter belongs has reference to the mode of selecting the homestead, its recordation, and the tenure by which it is held. For a full discussion of similar statutory provisions, see *Ham* v. *Santa Rosa Bank*, 62 Cal. 125.

Another criticism made upon the complaint is that it does not allege that the plaintiff is a *bona fide* resident of Montana. The allegation of the complaint is that "during all the times mentioned in the complaint, and for a long time prior thereto, she (plaintiff) has been residing, with her husband, in and upon, and in the actual possession" of, the property in controversy. This clearly means residence in Montana at the dates mentioned in the complaint, and is sufficient.

Turning now to notice the last paragraph of the answer, we observe that it does not allege that the money for which the judgment was rendered was loaned to plaintiff for the purpose of purchasing the homestead. Conceding that, if one person borrows money from another with which to purchase property, this latter has a vendor's lien upon the property for the money so loaned, the allegations in this paragraph are not sufficient. They do not show that the money was borrowed by the plaintiff for the purpose of purchasing the homestead property. She may have borrowed it, so far as the facts alleged show, for some other purpose, exclusively upon her personal credit.

Defendant, in support of his contention that his judgment is a lien upon the property by reason of the fact that the money for which it was obtained was used in the purchase and improvement of the property, cites a long list of authorities,— among them, *Blaisdell* v. *McDowell*, 91 Cal. 287, 27 Pac.

656; 1 Freem. Ex'ns, Sec. 249f; *Carr* v. *Caldwell,* 10 Cal. 384; *Pratt* v. *Topeka Bank,* 12 Kan. 570; *Magee* v. *Magee,* 51 Ill. 500; *Coleman's Adm'r* v. *Parrot* (Ky.) 32 S. W. 679; but these, without exception, are cases where the money was furnished by the claimant for the purpose of purchasing the property upon which the lien was sought to be fixed.

The demurrer to the answer was properly sustained. Let the judgment be affirmed.

*Affirmed.*

HUNT and PIGOTT, JJ., concur.

