YERRICK, RESPONDENT, *v.* HIGGINS ET AL., APPELLANTS.

[No. 1,077.]

[Submitted April 7, 1899. Decided May 8, 1899.]

*Homestead—Declaration—Including Excessive Amount—Validity of Claim.*

1. Civil Code, Sections 1670, 1693, allow one to select as a homestead a quantity of land not exceeding one-fourth of an acre, being within a town plot, city or village, and the dwelling house thereon and appurtenances. Section 1701 requires claimant's declaration to describe the premises, but there are no provisions by which, after the homestead is selected, there can be a readjustment of the area in case of an excess, and the surplus taken by a creditor. *Held*, that, where a declaration inadvertently included one-sixth more land than allowed, the whole claim was invalid.
2. A declaration of homestead is valid and effective, though the estimated cash value is far in excess of the limit fixed in the statute, provided it contains the other statements required; but, as to area, the premises described must fall within the statutory limit, otherwise the declaration is ineffective to exempt the property claimed.
3. The requirements of the statute by which a homestead exemption right becomes fixed are mandatory and must be complied with.
4. The opinion in the case of *Mitchell* v. *McCormick*, *ante*, p. 249, modified.

*Appeal from District Court, Missoula County; Frank H. Woody, Judge.*

ACTION by C. A. Yerrick against George C. Higgins and H. W. McLaughlin, sheriff of Missoula county. From a judgment for plaintiff, defendants appeal. Reversed.

Statement of the case by the Justice delivering the opinion.

Action for an injunction to restrain the sale of lots 5 and 6, block 24, in Knowles' addition to the city of Missoula, Missoula county, Montana, and to quiet plaintiff's title thereto.

On April 22, 1896, one James H. Fussy, the head of a family, was the owner of this property in fee. He had it inclosed, and for some time before this date had been residing upon it with his family. The dwelling occupied by him and his family and the appurtenant outbuildings are upon lot 6, except that the barn extends somewhat onto lot 5. The remainder of lot 5 is a yard, planted with fruit and ornamental trees, and is appurtenant to the dwelling. On April 22, 1896, the said Fussy made, acknowledged and filed for record in the office of the county recorder of Missoula county a declaration of homestead, claiming the said premises as his homestead under the laws of Montana, containing all the statements required by law to be contained therein. The value of them does not exceed $2,500. The said Fussy and his wife, on July 25, 1896, by regular conveyance, and for the consideration of $1,800, conveyed the said premises to the plaintiff herein, and she is now the owner thereof in fee. The area of these lots together is 13,000 square feet, or 2,100 square feet in excess of one-fourth of an acre. This excess in area can be taken off the east side of lot 5, without disturbing the dwelling or any of the appurtenant outbuildings, by cutting off a strip lengthwise of the lot 16.2 feet in width. At the time the declaration was filed, Fussy knew the dimensions of the lots, but overlooked, through inadvertence, that the two were in excess in area of one-fourth of an acre. On May 22d George C. Higgins, one of the defendants herein, recovered

a judgment against the said Fussy in the District Court of the Fourth judicial district in and for Missoula county for the sum of $764.69. On the same day this judgment was duly docketed upon the judgment docket in the office of the clerk of the court. On the —— day of January, 1897, defendant Higgins caused an execution to be issued upon his said judgment, and by the defendant McLaughlin, as sheriff of Missoula county, to be levied upon the above-mentioned property. Thereupon the sheriff was proceeding to advertise and sell the same to satisfy the judgment. No execution under this judgment had theretofore been levied upon the property. The sale was stopped by a preliminary order of injunction herein. After a trial, at which the facts here stated were agreed upon, the court below found as a conclusion of law thereon that the defendant Higgins never acquired a lien upon the said lots, or any part thereof, under his judgment against James H. Fussy, and that when he and his wife conveyed them to the plaintiff herein on July 25, 1896, the plaintiff took them free and clear of any lien or incumbrance by reason of said judgment. A decree was thereupon entered in favor of plaintiff quieting her title, and directing that the temporary order of injunction be made perpetual, with costs. From this judgment and decree defendants appeal.

*Marshall, Ogden & Ranft, Henry C. Stiff* and *Francis G. Higgins,* for Appellants.

*F. C. Webster* and *Sanders & Sanders,* for Respondent.

**BRANTLY, C. J.**  The defendants ask for a reversal of the judgment on the ground that the admitted facts do not support it. The declaration made by Fussy on April 22, 1896, they contend, was not effective to withdraw the property from the reach of any of his judgment creditors while it remained in his hands, and therefore the plaintiff in this case, the grantee of Fussy and his wife, took it subject to the judgment lien of defendant Higgins. The Code of Civil Procedure provides: "* * * From the time the judgment is docketed it be-

comes a lien upon all real property of the judgment debtor not exempt from execution in the county, owned by him at the time, or which he may afterward acquire, until the lien ceases. The lien continues for six years, unless the judgment be previously satisfied.'' (Section 1197.)

''The homestead of a judgment debtor exempt from execution is provided for in the Civil Code in Section 1670 to Section 1701, inclusive.'' (Section 1223.)

These are all the provisions contained in this Code upon this subject, except those regulating the assignment of the probate homestead, none of which have any application here. Under these provisions the lien of the Higgins judgment attached, unless the declaration of Fussy so far filled the requirements of the Civil Code touching the selection and setting apart of the homestead as to bring the property within the exemption.

It is conceded by the defendants that, if the declaration in question was a compliance with the legal requirements, Fussy and his wife could convey the homestead thus selected free from any incumbrance by virtue of the judgment lien. We shall therefore assume, for the purposes of this discussion, that, after the homestead has once been selected, and the declaration has been recorded in conformity with the statutes, no judgment lien thereafter attaches for any purpose. The validity of the Fussy declaration is therefore the only question for determination.

''The homestead consists (1) of the dwelling house in which claimant resides, and (2) the land on which the same is situated, (3) selected as in this title provided.'' (Civil Code, Sec. 1670.)

''Homesteads may be selected and claimed: (1) Consisting of any quantity of land not exceeding one hundred and sixty acres used for agricultural purposes, and the dwelling house thereon and its appurtenances, and not included in any town plot, city or village; or (2) a quantity of land not exceeding in amount one-fourth of an acre, being within a town plot, city or village, and the dwelling house thereon and its appur-

tenances.   Such homestead, in either case, shall not exceed in value the sum of two thousand five hundred dollars.''   (Civil Code, Sec. 1693.)

· The former of these provisions defines the homestead in general terms; the latter limits this general definition, and specifies particularly the subject-matter to which the selection and claim may apply.   Standing alone, the general definition would leave no limit to the amount or value of the property selected and claimed, provided the claimant resided in his dwelling upon it.   Under this latter provision, then, if the property out of which the homestead is to be selected is outside of a town plot, city or village, the homestead *may not exceed* 160 acres in area, nor $2,500 in value.   If it is included in a town plot, city or village, the homestead *may not exceed* one-fourth of an acre, with the same limitation as to value. This language is clear and explicit.   The declaration must, therefore, be in conformity with both these limitations, unless by some other provision, or by just implication from all the provisions on the subject, there be some way by which a failure to conform can be excused.   The declaration must contain a statement showing (1) that the person making it is the head of a family; (2) that he is residing on the premises, and claiming them as his homestead; (3) a description of the premises; and (4) an estimate of their actual cash value.   (Civil Code, Sec. 1701.)

From the necessity of the case, if the property selected exceeds the statutory limit of value, the declaration will not be rendered invalid for that reason.   In *Mitchell* v. *McCormick*, 22 Mont. 249, 56 Pac. 216, we said:   ''It does not follow that, if the property selected for a homestead is of greater value than $2,500, the law will not protect the claimant to the extent of his rights as the head of a family.   If this were true, then the head of a family owning a 'dwelling house, in which he resides, and the land on which the same is situated,' of greater value than the statutory amount, could not select a homestead from it at all.''   And we think this view correct if it be understood that the selected property does not, in area,

exceed the statutory limit.    The other provisions of the Code
clearly recognize this necessary condition.    Sections 1678 to
1692, inclusive, make special provisions applicable to cases of
this kind, so that a creditor dissatisfied with the estimated
value placed upon the homestead by the declarant may have
the value judicially ascertained and declared, and the surplus
applied to his debt.    But these provisions apply only to those
cases where the value is in question, and not the area.    In
none of them is the limitation of area mentioned.    They all
refer to value, and have to do with the method of ascertaining
it and the disposition of the surplus, if any is found to exist.
Clearly, they also apply to homesteads only, which, as to area,
are within the statutory limit.    The sections of our Code pro-
viding for the selection of a homestead by the head of a family
were all adopted into the Code of 1895 from the California
Code, except Section 1693, *supra*, which fixes the limitations.
This section was brought forward from the First Division of
the Compiled Statutes of 1887, and is substantially the same
as Section 322 of that Code.    The limitations are the same in
both Codes.    The latter required no declaration.    Occupancy
was sufficient.    There were also provisions (Sections 324, 325,
First Division, Compiled Statutes) by which, when levy was
made under execution, the homestead could be claimed out of
the property by metes and bounds by the owner, or by which,
when the plaintiff creditor was dissatisfied, the sheriff could
have it set apart by survey, so that it would be within both
limitations, so long as both could be adjusted by subdivision.
There was no provision, however, by which, after subdivision
had been made as far as possible and the value of the property
still exceeded the limit, the whole could be sold, and the
claimant have the value of the homestead paid to him in money.
It was therefore impossible, under the provisions of the Com-
piled Statutes, for the head of a family to have a homestead
allotted to him in compliance with the value limitation unless
it could by subdivision be carved out of the property upon
which he resided.    To remedy this defect in our statute,
doubtless, the provisions of the California Code were adopted,

thus enabling the claimant to have his homestead reserved to him regardless of the value of the *corpus* of the property within which it happened to be embraced. The Supreme Court of that state has held this to be the purpose of these provisions, and we accept and adopt this view. (*Ham* v. *Santa Rosa Bank*, 62 Cal. 125; *Tiernan* v. *Creditors*, *Id.* 286.)

Under these decisions the declaration is valid and effective, though the estimated cash value is far in excess of the limit fixed in the statute, provided it contains the other statements required. This is but just; for value is a matter of opinion, and fluctuates from time to time. The claimant cannot be held to strict accuracy in this regard, while at the same time his creditor is not debarred from contesting in the courts the estimate he puts upon the property he seeks to exempt.

The policy of the area limit, however, is based upon a different principle. The Code contains no provision by which, after the homestead has once been selected, there can be a readjustment of the area, and the surplus taken by the creditor. If the selection is, in compliance with the law, within the value limit, and remains there, the claimant is beyond the pursuit of his creditors; and, so far as they are concerned, he may forever after retain the specific property selected, except (1) when the judgment has been obtained before the declaration is filed, and (2) when the judgment is expressly made a lien upon the homestead. (Civil Code, Sec. 1674.) ''From and after the time the declaration is filed for record, the premises therein described constitute a homestead. * * * And in no case shall the homestead be held liable for the debts of the owner, except as provided in this title. (Civil Code, Sec. 1703.)

The question, then, as to what is a compliance with the law in respect of the area to be claimed, must necessarily be answered in the statement that the premises described in the declaration must fall within the statutory limit, otherwise the declaration is ineffective to exempt the property claimed. We are confirmed in this conclusion when we remember that area is a matter of accurate measurement, and easily ascertainable.

It is not a matter about which men may differ. The claimant has it within his power to state it as a fact, and the policy of the statute is that he shall do so. If he can describe, in his declaration, premises containing a greater area than the statute allows, and still be held to have complied with the law, then he can, by his own disregard of the actual facts, and because there is an absence of specific provisions of law by which his creditor can contest his claim, secure a greater exemption than the law provides for him. The statute requires the claimant to describe the premises he claims, not the premises within which his homestead is included, or out of which it may be carved. And this requirement is neither harsh nor unjust. It simply demands of the claimant that he be honest, and state the truth. The statute points out the way by which he can secure his exemption. He has but to follow it, and he is secure. If, from his own carelessness, or from fraudulent motives, he fails to observe the law, he must suffer the penalty.

These conclusions are supported by the additional consideration that in this State the homestead is a purely statutory right. The Constitution (Sec. 4, Art. XIX) enjoins upon the Legislature the duty to "enact liberal homestead and exemption laws," yet the mode for obtaining the exemption, and the amount and character of it, are left for this body to provide. It has done this. The provisions made are liberal, just as are the provisions for liens for labor and materials furnished and expended by certain classes of persons. The rights provided under these statutes can be claimed or not, as the party entitled wishes; but if, in endeavoring to fix his right, he fails to comply with the law, no matter for what reason, he also fails to secure his right. The court cannot relieve him, in the absence of special provisions of statute enabling it to do so. His only safety is to comply with the law. The Fussy declaration, upon which the plaintiff relies in this case, undertakes to exempt about one-sixth more land than the statutory amount. It is admitted by defendants that this was done inadvertently. Yet there is no provision by which relief can be had. The court cannot provide a way. That would be to legislate. The

court below held, in default of such provision, that the property as claimed should all be exempt.   This judgment cannot be sustained, for to sustain it would be to grant to the plaintiff a greater exemption by one-sixth than the law allows.

We are not to be understood as saying that a claim of homestead would be void for a small and unsubstantial excess in the area.   It is the policy of the law to disregard very small errors in everything.   But this principle cannot be invoked in aid of plaintiff in this case.   It is the general rule that all statutes providing for such rights as the one under consideration in this case must be liberally construed.   But it is also the rule that the mandatory requirements of the statute by which the right becomes fixed must be complied with. (Thompson on Homest. & Exemp. Secs. 731, 732; *Lindley* v. *Davis*, 7 Mont. 206, 14 Pac. 717; *Ferguson* v. *Speith*, 13 Mont. 487, 34 Pac. 1020; *Ashley* v. *Olmstead*, 54 Cal. 616; *Ames* v. *Eldred*, 55 Cal. 136; *Fromans* v. *Mahlman*, 92 Cal. 1, 27 Pac. 1094, and 28 Pac. 579; Waples on Homest. and Exemp. pp. 864, 865; *Quackenbush* v. *Reed*, 102 Cal. 493, 37 Pac. 755.)   In his declaration Fussy failed to comply with the mandatory requirement of the statute that he should describe the premises claimed as his homestead in that he claimed premises that could not, in any event, be exempt under the statute.

When the opinion in the case of *Mitchell* v. *McCormick*, *supra*, was written, we were of the opinion, as some expressions therein show, that a disregard of the statutory limitation as to area would not invalidate the claim of homestead. A more careful consideration of the provisions of our statute has led to a modification of our views upon this particular point.   The decision in that case was correct, however, and we adhere to the conclusion therein reached upon the question involved.

The judgment herein is therefore reversed, with directions to the court below to enter judgment in favor of defendants.

*Reversed.*

HUNT and PIGOTT, JJ., concur.