VINCENT, RESPONDENT, v. VINEYARD ET AL., AP-

PELLANTS.

[No. 1295.]

[Submitted April 25, 1900.   Decided May 22, 1900.]

*Homestead—Declaration—Excess of Value—Docketing Judgments—Mortgage of Homestead—Precedence of Mortgage—Judgments Not Liens—Enforcement— Mortgaging Homestead— Waiver.*

1. Civil Code 1895, Sec. 1670,provides that the homestead consists of the dwelling house in which the claimant resides and the land on which such house is situated. Section 1693 declares that a homestead shall not exceed $2,500 in value. Section 1701 requires a declaration of homestead to contain a statement that the person making it resides on the premises, with a description, and an estimate of the actual cash value. Section 1703 provides that, where such declaration is filed for record, the premises described constitute a homestead. *Held* that, where a declaration of homestead was filed, the homestead attribute was impressed on all the property described in the declaration, although its value exceeded $2,500.

2. Code of Civil Procedure 1895, Sec. 1197, provides that a judgment shall be a lien on all realty of the judgment debtor not exempt from the time that it is docketed. Civil Code 1895, Sec. 1674, declares that a homestead is subject to execution in satisfaction of judgments obtained before the declaration of the homestead is filed which constitute liens on the property, but that no judgment obtained prior to July 1, 1895, shall constitute a lien on such property. *Held*, that a judgment docketed in 1892 was not a lien on the homestead subject to execution under section 1674, whatever its value, hence a mortgage of the homestead given in 1895 took precedence to the 1892 judgment.

3. Civil Code 1895, Sec. 1693, declares that a homestead shall not exceed $2,500 in value. Section 1674 provides that a homestead shall be subject to execution in satisfaction of judgment obtained before the declaration of homestead was filed, which constitutes a lien on the property, but that judgments obtained prior to July 1, 1895, shall not constitute such liens. Section 1678 authorizes judgment creditors who have not liens under section 1674 to apply to the district court or a judge thereof for the appointment of appraisers. *Held*, that judgments not constituting liens could be enforced under section 1678, and that, after notice to the claimant, and a report of the appraisers that the value of the homestead exceeds $2,500, and that the property can be divided without material injury, the execution can be enforced against such excess, but that, if the property cannot be divided, a sale will be ordered, and the execution paid from the excess over $2,500.

4. Civil Code 1895, Sec. 3772, provides that one who has a lien on several things on which others have subordinate liens on some, but not all, of the same things, shall resort to payment, where possible, as therein provided. Section 1674 declares that a judgment obtained prior to July 1, 1895, shall not constitute a lien on homestead property. Plaintiff's assignor was given a note and mortgage on homestead property. The property was sold by execution sale under a judgment docketed in 1892, and the creditor was paid excess over the homestead exemption, and the exemption was paid in court. *Held*, in an action by plaintiff to recover of such creditor, that plaintiff would not be required to satisfy his mortgage debt out of the sum paid in court, as the mortgage operated solely as a waiver of the homestead exemption in favor of the mortgagee and his assigns, and did not inure to the benefit of other persons.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

ACTION by Peter Vincent against Gordon C. Vineyard and others to recover as assignor of a homestead mortgage. From a judgment in favor of the plaintiff, defendants appeal. Affirmed.

### STATEMENT OF THE CASE.

This appeal is from a judgment entered in an action upon a note and mortgage made by the defendants Vineyard to one Carroll, and by him assigned to the plaintiff. The following facts appear: On the 1st day of April, 1892, a judgment for $2,170 and costs in favor of Dellinger, one of the defendants, against the defendants Vineyard, was docketed in the office of the clerk of the district court of Deer Lodge county, so as to constitute it a lien upon the nonexempt real property of the Vineyards. When the judgment was docketed, the Vineyards were, and ever since have been, occupying as a homestead the east half of lot 3 of block 37 in the city of Anaconda in Deer Lodge county. The property was never of a value exceeding $2,000 until after the 13th day of July, 1895, on which date the Vineyards made a mortgage thereon to Carroll to secure the payment of a note for $2,000. On the 11th day of December, 1895, the Vineyards, who are husband and wife, filed for record in the office of the clerk and recorder of Deer Lodge county their declaration selecting and claiming the real estate in question as their homestead. On the 9th day of January, 1896, a writ of execution was issued on the judgment docketed in favor of Dellinger on the 1st day of April, 1892. Upon the application of Dellinger the district judge of the county appointed appraisers to appraise the value of the homestead. They reported that the property could not be divided without material injury, and that the value was $4,650. The judge thereupon made an order directing the sale of said real estate under the execution, and on the 19th day of March, 1898, by virtue of an alias execution, a sale was made to Dellinger for $5,500, Dellinger paying the money to the sheriff,

who paid into court $2,500 for the Vineyards as representing their homestead exemption, and the remainder to Dellinger. Thereafter, and on the 4th day of April, 1898, the plaintiff, to whom Carroll had assigned the mortgage, commenced the present action, Dellinger and the sheriff who made the sale being joined as defendants. These defendants pleaded the foregoing facts. The court awarded judgment against the Vineyards for $1,277.14, the amount remaining unpaid of the debt mentioned in the mortgage, together with an attorney's fee and costs, and found that Dellinger was the owner of the real estate, subject to the right of redemption in the Vineyards, and to these parts of the judgment there is no objection. The court further decreed that Dellinger's ownership of the property was subject to the mortgage lien in favor of Vincent, and that Dellinger was entitled to the whole of the surplus arising from the sale of the property above the homestead exemption of $2,500 and the mortgage lien of $1,277.14, attorney's fees, and costs. The appellants, who are Dellinger and the sheriff, assert that this part of the judgment is erroneous.

*Mr. William H. De Witt* and *Mr. T. Bailey Lee,* for Appellants.

We contend that the lien of the Dellinger judgment attached to the land (Sec. 1197 Code Civil Procedure 95 and laws of 87, p. 139, 307) on the 1st day of April, 1892, and that that lien continually adhered to the land, subordinate however to the homestead claim.

For example, if one owns a house worth $50,000.00, and a judgment is entered against such person, we assert that the judgment lien attaches to the land for all value over $2500.00, the amount of the homestead claim, (Civil Code, Sec. 1693, Sub. Div. 2.)

This statement makes necessary a definition of what a homestead is (Civil Code 1693, Sub. 2.) We contend that the homestead is not the 160 acres of a farm with the buildings, or the ¼ acre in a town with the house; but that it is the 160

acres *with buildings* or the ½ acre *with the house* to the extent of $2500 in value; that the homestead is simply $2500 worth of realty; that realty consisting of the homesteader's dwelling and out houses, together with the land limited by statute.

If this be true, then the Vineyards $2500.00 worth of the premises was exempt as a homestead, and the Dellinger judgment attached to the land for its value in excess of $2500.00. Even grant that the homestead was not worth the limit of $2500.00 at the date when the judgment was docketed, April 1, 1892; still if the value afterwards reached and passed the homestead limit, the judgment lien attached to the excess value when the excess value accrued, for the reason that a lien attaches to all property owned by the judgment debtor at the date of the docketing, and that which he afterwards acquires until the lien is satisfied or expires. The application of that statute is that this excess value was acquired after docketing, and the lien must attach to all value so added to it.

It should not be held that one may own a $2500.00 homestead, and a judgment be docketed against him, and if by the building of a city, or the discovery of a mine or by some other cause, the property increases in value and becomes worth $100,000.00, that such increase in value can be exempt from the judgment lien. The statute itself clearly indicates the contrary, and, in effect, declares that only the $2500.00 worth is exempt, because the statute (Secs. 1678-1693) provides in detail a method for enforcing an execution so as to reach the surplus over $2500.00. We therefore assert that the judgment lien being upon the premises when the Carroll-Vincent mortgage was given, that that mortgage must be inferior to the judgment, and that the judgment must rank next to the $2500.00 worth of homestead exemption.

The matter seems to us to be clear if we regard it from another view-point; that is to say, when the Vineyards executed the mortgage, they mortgaged their *homestead right,* and not our *judgment lien right;* because they did not own our judgment lien right.

Again the operation and effect of the mortgage could not

vary from that of a deed. If the Vineyards had deeded the premises, it never could be contended that they had deeded subject to a homestead reservation; in other words, if they had deeded, they deeded away their homestead; and, on the same principle, when they mortgaged, they mortgaged their homestead.

For example again: if one loaned money and received as security a mortgage on a homestead, could it ever be urged that on foreclosure and sale the homestead $2500.00 should first be taken out of the proceeds of the sale and given to the mortgagor? In such a case, suppose the property were worth and realized only $2500.00, must that go to the homesteader and the mortgagee take nothing? It seems to us not. The fact is that when the Vineyards mortgaged, they mortgaged their homestead, and Vincent, the assignee of the mortgagee, must realize out of the homestead money, and when this money was paid into court in this case, and Vincent had notice of this fact as he did, it was his duty to secure this homestead money, and he cannot now claim any further lien on the premises, for the reason that that portion of the premises upon which he had his lien, to-wit: the $2500.00 worth, has been converted into money and paid into court for the homesteaders or their assignee Vincent. This seems to us the reason of the situation.

We understood at the time that this judgment was rendered against us, that it was based upon what was considered by the court to be the authority of California decisions upon similar statutes. *Barret* v. *Simms*, 59 Cal. 619, states that Cal. doctrine about as clearly as any of the cases. But the later case of *Beaton* v. *Reid*, 111 Cal. 486, held the contrary.

Freeman on Judgments in Volume II, Sec. 355, discusses the principle and criticizes the California decisions in the following language:

"As this excess may be taken under execution, it would seem to be subject to judgment, attachment, and execution liens; and this is the conclusion of the courts of Illinois. The Supreme Court of California on the other hand in a series of

cases *supported by no reasoning whatever*, and in our judgment incapable of being supported by any reason, has determined that, however great the value of a homestead, judgment liens cannot attach to it, nor to the excess in quantity or value which the judgment debtor is not entitled to retain."

See also: *Stubblefield* v. *Graves*, 50 Ill. 110; *Hayworth* v. *Travis*, 67 Ill. 305; *Eldridge* v. *Pierce*, 90 Ill. 481; *Moriarity* v. *Galt*, 112 Ill. 373; *Black* v. *Curran*, 81 U. S. 463; *Knight* v. *Paxton*, 124 U. S. 552; Waples on Homesteads, Sec. 9 and Sec. 10, Subdivision 13; *Van Story* v. *Thornton*, (N. C.) 34 Am. St. Rep. 483; *Tillotson* v. *Millard*, 7 Minn. 513; *Smith* v. *Brackett*, 36 Barb. 571; *Rankin* v. *Shaw*, 94 N. C. 405; *McHugh* v. *Smiley*, 17 Neb. 405; In re Woodard, 95 Fed. 260; *Pittsville Bank* v. *Howe*, 4 Allen 347; *Clark* v. *Shannon*, 1 Nev. 477; *Richards* v. *Chase*, 2 Gray 385.

*Mr. H. R. Whitehill*, for Respondents.

**MR. JUSTICE PIGOTT**, after stating the case, delivered the opinion of the Court.

The error assigned is that the district court adjudged the mortgage of Vincent to be a lien superior to the judgment of Dellinger, whereas the judgment should have been ranked superior to the mortgage and next below the homestead exemption of $2,500. The single question, therefore, is whether the lien of the docketed judgment attached to the land selected as a homestead for its value over $2,500, the amount of the homestead exemption. Dellinger contends that the judgment became a lien upon the land on the 1st day of April, 1892, when it was docketed, and remained such lien ever thereafter, subordinate only to $2,500 worth of the land, and this contention is founded upon section 307 of the First Division of the Compiled Statutes of 1887, and section 1197 of the Code of Civil Procedure of 1895, which are, in substance, the same, each providing that "from the time the judgment is docketed it becomes [or "it shall be-

come"] a lien upon all [or "the"] real property of the judgment debtor not exempt from execution in the county, owned by him at the time, or which he may afterward acquire, until the [or "said"] lien ceases [or "expires"]. The lien continues [or "shall continue"] for six years, unless the judgment be previously satisfied." Prior to July 13, 1895, the value of the homestead did not exceed the amount of the homestead exemption, and counsel on both sides invoke the provisions of the Civil Code of 1895 and agree that the statutory enactments in force in 1892, when the judgment was docketed, are (with the exception of section 307, *supra*) not necessary to be considered. No objection is made to the application of the homestead law of 1895 to the judgment docketed in 1892. We quote the following sections of Title V, Part IV, Division II, of the Civil Code of 1895:

"Sec. 1670. The homestead consists of the dwelling house in which the claimant resides, and the land on which the same is situated, selected as in this title provided."

."Sec. 1693. Homesteads may be selected and claimed: (1) Consisting of any quantity of land not exceeding one hundred and sixty acres used for agricultural purposes, and the dwelling house thereon and its appurtenances, and not included in any town plot, city, or village; or, (2) a quantity of land not exceeded in amount one-fourth of an acre, being within a town plot, city or village, and the dwelling house thereon and its appurtenances. Such homestead, in either case, shall not exceed in value the sum of two thousand five hundred dollars."

"Sec. 1701. The declaration of homestead must contain: * * * (2) A statement that the person making it is residing on the premises and claims them as a homestead. (3) A description of the premises. (4) An estimate of their actual cash value."

"Sec. 1703. From and after the time the declaration is filed for record the premises therein described constitute a homestead. Upon the death of the person whose property was selected as a homestead, it shall go to his or her heirs or devisees, subject to the use of the widow during her life, if

the property selected as a homestead, before selection, belonged to the husband; and subject to the use of the husband during his life, if the property selected as a homestead before selection belonged to the wife.    And in no case shall the homestead be held liable for the debts of the owner, except as provided in this title.''

By subdivision 3 of section 1679 the petition for an appraisement of the homestead levied upon for the enforcement of certain judgments must show that ''the value of the homestead exceeds the amount of the homestead exemption.''

From these sections it is clear that the homestead consists of the real property described in the declaration of homestead, although its value exceeds $2,500,—in other words, the homestead attribute or character is impressed upon all the property described in the declaration.    Section 1673 declares that the homestead is exempt from execution or forced sale except as is provided in Title V, Part IV, Division II, of the Civil Code.    Under what circumstances may it be subjected to sale on execution?    Section 1674 provides that the homestead is subject to execution or forced sale in satisfaction of judgments obtained before the declaration of homestead was filed, and which constitute liens upon the property therein described, but that no judgments obtained before July 1, 1895, shall constitute liens upon the property.    By this section the homestead may be sold under an execution issued upon a judgment rendered and docketed after July 1, 1895, and before the filing of the declaration of homestead, and the entire proceeds must, if necessary for that purpose, be paid in or toward the satisfaction of the judgment lien; in such case there is no homestead exemption, for the section does not recognize its existence.    Express language excludes from the benefit of this section judgments obtained prior to July 1, 1895; though docketed, they are not liens upon the real property described in the declaration of homestead, whatever its value.    This inevitably results from the fact that the property so described is, regardless of its value then or afterwards, the homestead.    The homestead is not $2,500 worth of the realty

described in the declaration; on the contrary, it is the realty so described. The only limit is in respect of the area, which must not exceed the statutory size. (*Yerrick* v. *Higgins et al.*, 22 Mont. 502, 57 Pac. 95.) The judgment, having been obtained prior to July 1, 1895, was not a lien upon the homestead; consequently the latter is not liable, by virtue of anything contained in section 1674, to execution sale in satisfaction of the former.

Judgments other than those constituting liens upon the homestead may be enforced by a compliance with sections 1678-1689. In these sections the homestead exemption is recognized, and provision made whereby the excess in value of the homestead in fact may be subjected to the demands of creditors. Section 1678 provides: "When an execution for the enforcement of a judgment obtained in a case not within the classes enumerated in section 1674 is levied upon the homestead, the judgment creditor may apply to the district court of the county in which the homestead is situated, or a judge thereof, for the appointment of persons to appraise the value thereof." Upon an application, supported by a verified petition to the district court or its judge, showing that an execution has been levied upon the homestead, the name of the homestead claimant, and that the value of the homestead exceeds the amount of the homestead exemption, the judge, after proof of notice to the claimant, and of the facts stated in the petition, must appoint appraisers to value the homestead; if from their report it appears that the land can be divided without material injury, the judge must order the appraisers to allot the claimant so much of the homestead as will amount in value to the homestead exemption, and the execution may then be enforced against the remainder of the land. But if it appears that the land exceeds in value the amount of the homestead exemption, and that it cannot be divided, the judge must order its sale under execution, at which sale no bid less than $2,500 shall be received, and the proceeds to the amount of the exemption must be paid to the claimant, and the remainder applied on the execution. Until

the value of the homestead is so ascertained to be in excess of $2,500, the entire property covered by the declaration of homestead, whatever its worth, remains exempt from sale on execution, and therefore the lien of a docketed judgment cannot attach. The levy of execution initiates the right to maintain proceedings for an appraisement and sale under the statute.

The foregoing interpretation is in harmony with that announced in *Barrett* v. *Sims*, 59 Cal. 615; *Lubbock* v. *McMann*, 82 Cal. 226, 22 Pac. 1145; and in *Sanders* v. *Russell*, 86 Cal. 119, 24 Pac. 852. The legislative assembly of Montana adopted sections 1670-1703 of the Civil Code of 1895 from California, in whose Civil Code they appear as sections 1237-1265. (*Yerrick* v. *Higgins, supra.*) In transplanting the homestead law of California to Montana, reference to community property was eliminated, the value of the homestead exemption was reduced to $2,500, and a limit upon area fixed; and section 1241 of the California Civil Code was changed by the addition of the words, "but no judgment obtained before this Code takes effect shall constitute such lien," so that section 1674, *supra*, differs in this respect from the last named section of the Civil Code of California, of which it is otherwise a copy. In *Barrett* v. *Sims, supra*, the supreme court of California interpreted the sections under consideration before the adoption of them by this state. That interpretation is conformable to the intent of the statutes.

The case of *Macke* v. *Byrd*, 131 Mo. 682, 33 S. W. 448, 52 Am. St. Rep. 649, is also in point. In that state the lien of judgment impresses the "lands, tenements, and hereditaments liable to be sold upon execution;" and the homestead act declares that real property coming within its protection is exempt from attachment and execution. After deciding that, as between a judgment creditor and his debtor in possession of a homestead within the statutory size and value, the judgment is not a lien on the homestead property, the court inquires whether the lien reaches the surplus value. The court holds that, if the property claimed as a homestead exceeds in value

the homestead exemption, the excess must be ascertained, and the true homestead set apart, before the excess can be subjected to sale on execution; and, therefore, that the lien of a judgment cannot attach to the surplus value of the homestead until ascertained by admeasurement of the homestead exemption.

We are aware that the courts of several states have decided that judgment liens impress the value of the homestead in excess of the homestead exemption. Most of the decisions have been upon statutes so different from those contained in the Civil Code of Montana that we do not regard them as persuasive in this jurisdiction.

A suggestion is made that the plaintiff should have been required to satisfy the amount of his mortgage debt out of the $2,500 paid into court as representing the homestead exemption of the Vineyards. A sufficient answer to this suggestion seems to be that the mortgage operated as a waiver of the homestead exemption in favor of the mortgagee and those claiming under him, which waver did not inure to the benefit of other persons. The mortgagors did not agree that the debt owing to Dellinger might be satisfied out of the exemption. The willingness to secure the payment of Vincent's demand by mortgaging the homestead, and thereby waiving the exemption, cannot be deemed to evince a like disposition in respect of Dellinger. The entire homestead is subject to sale in satisfaction of judgments obtained on debts secured by mortgages on the premises recorded before the filing of the declaration of homestead (subdivision 4, Sec. 1674); the Vincent mortgage is within this statute but the homestead exemption of $2,500 is beyond the reach of such a judgment as Dellingers. Vincent had the right to release the homestead exemption from the lien of his mortgage, and retain it upon the surplus of the homestead; had he done so, no right of Dellinger would be invaded, for all Dellinger could have seized by his execution was the remainder of the surplus after the satisfaction of Vincent's mortgage debt. To compel Vincent to resort first to the homestead exemption would be to subject

it indirectly to the payment of Dellinger's judgment, and thus, contrary to the intent of the parties to the contract embraced in the mortgage, the waiver would practically be construed as having been made in favor of Dellinger. Section 3772 of the Civil Code does not confer upon Dellinger the right which he asserts.

The mortgage of Vincent having been executed and recorded prior to the acquisition by Dellinger of any lien upon the real estate selected as a homestead, it follows from the views expressed that the judgment of the district court must be affirmed, and it is so ordered.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY, being disqualified, took no part in the foregoing decision.

[Submitted April 25, 1900.   Decided May 22, 1900.]