McCARTHY, APPELLANT, *v.* KELLEY, SHERIFF, ET AL., RESPONDENTS.

(No. 5,041.)

(Submitted April 14, 1922. Decided May 1, 1922.)

[206 Pac. 782.]

*Homesteads—Excessive Area—Declaration—Invalidity.*

Homesteads—Excessive Area—Declaration Void.
    1. While failure to accurately set forth in a homestead declaration the value of the premises does not invalidate it, failure to strictly comply with the requirement that the area claimed must not exceed the statutory limit renders the declaration void.

Same—What Constitutes Excessive Area.
    2. *Held,* under the above rule, that a declaration of homestead covering "an undivided one-half interest and equity" in a 240 acre

agricultural tract was void as an attempt to claim as exempt an area greater in quantity than 160 acres allowed by section 6968, Revised Codes of 1921.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

Action for injunction by Clara McCarthy against C. H. Kelley, Sheriff, and another. From judgment dissolving a temporary, and denying a permanent, injunction, plaintiff appeals. Affirmed.

*Mr. Stephen J. Cowley,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. O'Leary & Doyle,* for Respondents, submitted a brief; *Mr. W. F. O'Leary* argued the cause orally.

MR. COMMISSIONER COMER prepared the opinion for the court.

This is an appeal from a judgment dissolving a temporary, and denying a permanent, injunction.

November 15, 1921, appellant Clara McCarthy, plaintiff in the district court in this case, made and caused to be recorded a homestead declaration for agricultural land, selecting as her homestead: "All her interest and equity in and to the hereinafter described lands and premises, being an undivided one-half ($\frac{1}{2}$) interest and equity in and to the following described lands, to-wit: The south half of the southwest quarter (S.$\frac{1}{2}$ SW.$\frac{1}{4}$), the west half of the southeast quarter (W.$\frac{1}{2}$ SE.$\frac{1}{4}$), and the east half of the southeast quarter (E.$\frac{1}{2}$ SE.$\frac{1}{4}$) of section four (4) township eighteen (18) north of range eight (8) east, Montana Meridian, Judith Basin county, Montana, containing two hundred forty (240) acres; according to the government survey thereof returned to the General Land Office by the Surveyor General; together with the dwelling house and all other improvements thereon and appurtenant thereto; said land, dwelling house and other

improvements thereon being situated in the county of Judith Basin, state of Montana; said undivided one-half (½) interest and equity in and to said land contains and embraces one hundred twenty (120) acres.''

In another paragraph of said declaration it is alleged: ''The undersigned, Clara McCarthy, claims as homestead an undivided one-half (½) interest and equity in and to the above-described land and premises; the actual cash value of said undivided one-half (½) interest and equity in and to said land and premises, together with the improvements thereon, is twenty-four hundred ($2400.00) dollars; that she makes this selection and declaration of homestead for the benefit of herself and her said husband, under and in conformity with the provisions of the statutes and laws of the state of Montana, and in particular under and in conformity with sections 4719–4722, Revised Codes of Montana, 1907.''

These are all the portions of said declaration necessary to be considered on this appeal.

November 23, 1921, respondent Matilda Lindsay, defendant in the district court in this proceeding, obtained a judgment against said Clara McCarthy, for an amount in excess of $3,000, and procured the issuance and levy of a writ of execution upon the interest of said homestead claimant in the real estate described, the defendant C. H. Kelley, as sheriff, making the levy. Thereupon, the claimant, Clara McCarthy, as plaintiff, commenced this action against Matilda Lindsay and the sheriff, as defendants, seeking to enjoin the sale. In the district court, all of the issues were conceded in favor of the plaintiff, the homestead claimant, except the defendants allege in their answer that the declaration of homestead is void in that the claimant attempted to declare a homestead upon an area greatly in excess of that allowed by law. Judgment was rendered in favor of the defendants in the district court, and plaintiff appeals therefrom.

Section 4 of Article XIX of the Constitution of Montana provides that the legislative assembly shall enact liberal home-

stead and exemption laws. Pursuant thereto, our legislature adopted, into the Code of 1895, provisions for the selection of homesteads, fixing certain limitations as to the value and area. (Secs. 1670–1703, inc., Civ. Code Mont. 1895.) These sections were carried forward into the Revised Codes of 1907 as sections 4694 to 4722, inclusive, and are now known as sections 6945 to 6973, inclusive, Revised Codes of 1921. Prior to the adoption of our present Homestead Law into [1, 2] the Civil Code of 1895, our Homestead Law was contained in the Compiled Statutes of Montana of 1887, First Division, sections 322 to 330, inclusive, which required no homestead declaration. Occupancy was sufficient. (*Yerrick* v. *Higgins,* 22 Mont. 502, 57 Pac. 95.) In 1887, it was held, under section 322, Division 1, of the Compiled Statutes of 1887, that a cotenant is an owner and as such is entitled to the homestead exemption allowed by said section, in real estate held in cotenancy. (*Lindley* v. *Davis,* 7 Mont. 206, 14 Pac. 717.) In 1893, this court determined that, under said section 322, a partner is entitled to claim and hold a homestead exemption out of the partnership estate. (*Ferguson* v. *Speith,* 13 Mont. 487, 40 Am. St. Rep. 459, 34 Pac. 1020.) A homestead declaration made under the Homestead Laws of 1895 is not invalid, even though the property sought to be exempted has a greater value than $2,500 (*Mitchell* v. *McCormick,* 22 Mont. 249, 56 Pac. 216), but a declaration made under section 1693 of the Civil Code of 1895, claiming as exempt real estate of an area greater than that allowed by such law, is void. (*Yerrick* v. *Higgins, supra.*) In this case, claimant attempted to exempt certain city lots, whose combined area was 2,100 square feet in excess of one-fourth of an acre. In speaking of the necessity for an accurate statement of the area of the real estate claimed as exempt, Mr. Chief Justice Brantly said: ''The question, then, as to what is a compliance with the law in respect to the area to be claimed, must necessarily be answered in the statement that the premises described in the declaration must fall within the

statutory limit, otherwise the declaration is ineffective to exempt the property claimed. We are confirmed in this conclusion when we remember that area is a matter of accurate measurement, and easily ascertainable.''

Thus, we find that under our Homestead Law, as interpreted and construed by this court, a failure to accurately set forth the value of the premises claimed as exempt, does not invalidate the declaration, but the provisions defining the area must be strictly followed, and that the homestead exemption is a statutory right which can be secured only by complying strictly with the requirements of our state legislature, as expressed in our law relating to homesteads. (*Yerrick* v. *Higgins, supra.*)

May, then, an owner of an undivided one-half interest or equity in 240 acres of real estate declare a homestead upon all of his interest or equity in the 240 acres, and what is the effect of such a declaration? It is manifest at once, from a statement of the question, that an area is attempted to be exempted as a homestead greater than 160 acres—the amount contemplated by the statute. The statute expressly declares, with reference to agricultural land, that the homestead may be selected and claimed, consisting of any *quantity* of land not exceeding 160 acres. (Sec. 6968, Rev. Codes, 1921.) If the declaration in this case is valid, then an area greater than 160 acres may be claimed as a homestead, which is expressly inhibited by the plain provisions of the Homestead Law. Plaintiff, to sustain her contention, must take the position that a homestead may be claimed upon any interest or equity, however slight in amount or degree, and regardless of the area over or through which it extends. If plaintiff's contention is true, then one owning an undivided one-tenth interest in 1,600 acres could claim the same as a homestead. In fact, the area which might be selected would be unlimited, so long as the claimant had some interest therein, however slight.

But counsel for plaintiff assert that the intent of the legislature was to give a homestead exemption upon the ''in-

tcrest" or "cquity" of the claimant, and that, since the interest or equity of claimant in this case does not exceed 160 acres in area, therefore her selection in this case comes within the purview of the statute. This construction cannot be placed upon the statute without reading into it something not contained therein. The statute provides the homestead may be selected and claimed upon any "quantity" of land not exceeding 160 acres—not that any "interest" or "equity" of land not exceeding 160 acres may be selected and claimed. (Sec. 6968, Rev. Codes 1921.) If we adopt plaintiff's construction, then we must read into the statute a clause *creating* another and additional right.

The plaintiff relies upon the case of *Brown* v. *McLennan,* 60 Tex. 43, in support of her contention. This is the only case cited by plaintiff as bearing directly upon the question at issue here. The Texas court held that the homestead right of one having an undivided interest in a tract of land exceeding 200 acres in quantity or area is not confined to the undivided interest in the 200 acres, but extends to an undivided interest of 200 acres in the entire tract, following an earlier decision of that court. (*Jenkins* v. *Volz,* 54 Tex. 639.) This case was decided in 1883. The statute relating to homesteads in force at that time in that state (Art. 2336 of the Revised Statutes of Texas 1879), did not require a declaration of homestead to be made and recorded before the homestead right could be initiated, and the homestead could be in one or more parcels. It is evident that the statute construed in the Texas case is not similar to our Homestead Act, as there is no provision in our law providing that the homestead may be in one or more parcels.

In the case of *Lewis* v. *White,* 69 Miss. 352, 30 Am. St. Rep. 557, 13 South. 349, the homestead claimant was the owner of, and claimed as his homestead, an undivided one-sixth interest in two tracts of land containing 721 acres, and alleged that his one-sixth interest in the whole area was less than 160 acres, the number of acres which he was entitled to hold as a

homestead exemption under the existing laws. The statute of Mississippi provided for a homestead of 160 acres of agricultural land, not exceeding in value $2,000, composed if possible of contiguous parcels. The court said: "The tenant in common, who claims his homestead exemption in the estate in common, has no floating claim to exemption in the entire estate, as must be seen from what has been already said by us. He is to be protected in his occupancy of the homestead of proper quantity and value, but no further. Whatever interest he may have in the remainder of the common property, is salable in satisfaction of demands of creditors in proper cases. What this undivided interest in the remainder of the common estate may be, or may prove to be worth, is a matter of no concern in the examination of the subject now being considered. And so, what the real interest of the debtor in the homestead exemption allowed him may now be worth, or whether it may hereafter prove valueless, comparatively, on partition with the cotenants, are questions not involved. Whatever estate the debtor has in the common property, outside of that part claimed as a homestead, may be seized and sold; and, whatever estate the cotenants have in the part claimed as a homestead by the debtor, their tenant in common remains unaffected, as between him and them, by the recognition and allowance of his homestead in the common property, in the contest between him and his execution creditor."

If it was the intention of the legislature to give a homestead exemption to the interest or equity, then we must explain the reason for putting any restriction upon the area at all. If we construe the statute to mean an interest may be claimed in an area exceeding 160 acres, then we nullify the provision limiting the area to 160 acres. It may be just as consistently argued that a claimant may exempt 320 acres, for the reason that each 160 acres thereof has a value of only $1,250, or that a homestead of 320 acres may be claimed as exempt, upon the ground that the total value does not exceed

the sum of $2,500. The supreme court of Minnesota has taken this view. The law of that state provided that a homestead consisting of a quantity of land not exceeding in amount one lot, being within an incorporated town, city, or village, shall not be subject to judgment liens or execution sales. (*Ward* v. *Huhn,* 16 Minn. 159 (Gil. 142).) The plaintiff claimed to hold an undivided one-half of two lots exempt from the lien of a judgment. In construing this law, the court said: ''The Homestead Law should be fairly, perhaps liberally, interpreted, but must not be strained. And, interpreting in accordance with these rules the provision involved in this case, the plaintiff's position cannot be sustained. An undivided half of two entire lots is not a *quantity* of land not exceeding in amount one lot, * * * and, therefore, we think it is not covered by the terms of the statute, and is not exempted.'' This principle was followed in a later case. (*O'Brien* v. *Krenz,* 36 Minn. 136, 30 N. W. 458.)

Counsel for plaintiff urge that the court should grant equitable relief and provide a remedy by which her homestead interest may be preserved, but, as heretofore pointed out, the plaintiff has no homestead right, equitable or otherwise, to preserve, as she has not followed the statutory procedure in making her declaration. We are of the opinion that the plaintiff, homestead claimant, attempted to claim as her homestead an amount of real estate considerably in excess of that allowed by section 6968, Revised Codes of 1921, and thereof the declaration is void.

We recommend that the judgment from which this appeal is taken be affirmed.

PER CURIAM: For the reason given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*