OREGON MORTGAGE CO., LTD., Appellant, *v.* DUNBAR
ET AL., Respondents.

(No. 6,655.)

(Submitted June 11, 1930.   Decided June 24, 1930.)

[289 Pac. 559.]

*Mr. Elmer E. Hershey,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. O'Hara, Madeen & Grant,* for Respondents, submitted a brief; *Mr. Robert A. O'Hara* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, a foreign corporation doing business in this state, commenced this action to quiet title to 150 acres of land situated in Ravalli county. The complaint is in the usual form. The land is described by legal subdivisions and consists of a compact tract containing 110 acres, and another tract of forty acres cornering the 110 acres. Defendant Dunbar by answer alleges ownership of the land and the filing by him of a declaration of homestead on December 31, 1927, covering the entire 150 acres, together with an additional ten acres adjoining the 110-acre tract. The cause was tried to the court without a jury.

The evidence introduced shows that plaintiff obtained a sheriff's deed to the 150 acres on March 28, 1929, issued pursuant to an execution sale based upon a judgment obtained by plaintiff against defendant Dunbar. A house and outbuildings are situated on each tract. Defendant sometimes lived in one house and sometimes in the other, and his tenant lived in the house which he himself did not occupy. The whole of the two tracts described in the complaint has always been rented, occupied and worked as a unit for agricultural purposes. Whether defendant owns any other land does not appear. It is conceded that he does not own the additional ten-acre tract embraced in the declaration of homestead. Over objection, the declaration of homestead, recorded prior to the judgment, was admitted in evidence.

Findings of fact, conclusions of law, and judgment were in favor of defendant, and plaintiff appealed. The several assignments of error, variously stated, question the validity of the declaration of homestead on the ground that the two tracts of land which corner may not be embraced in a declaration of homestead.

Our homestead exemption laws were enacted pursuant to the command of section 4, article XIX of the Constitution, in which it is declared that "the legislative assembly shall enact liberal homestead and exemption laws."

By section 6945, Revised Codes 1921, it is provided that: "The homestead consists of the dwelling-house in which the claimant resides, and the land on which the same is situated, selected as in this chapter provided." Section 6968 provides: "Homesteads may be selected and claimed: 1. Consisting of any quantity of land not exceeding one hundred and sixty acres used for agricultural purposes, and the dwelling-house thereon and its appurtenances, and not included in any town plot, city, or village. * * * Such homestead * * * shall not exceed in value the sum of two thousand five hundred dollars."

These statutes should be liberally construed in favor of the debtor for whose benefit they were enacted. (*Ferguson* v. *Speith,* 13 Mont. 487, 40 Am. St. Rep. 459, 34 Pac. 1020; *Dayton* v. *Ewart,* 28 Mont. 153, 98 Am. St. Rep. 549, 72 Pac. 420; *Yerrick* v. *Higgins,* 22 Mont. 502, 57 Pac. 95.)

The precise question here involved has never before been passed upon by this court. In *McCarthy* v. *Kelley,* 63 Mont. 233, 206 Pac. 782, it was held that "an undivided one-half (½) interest and equity" in 240 acres was void because the area exceeded that authorized by the statute. In that case this court, in distinguishing a Texas case, *Jenkins* v. *Volz,* 54 Tex. 636, said: "It is evident that the statute construed in the Texas case is not similar to our Homestead Act, as there is no provision in our law providing that the homestead may be in one or more parcels." The laws of Texas expressly provide that the homestead may consist of one or more parcels. Our statutes are silent on that subject, and hence the statement in the *Kelley Case* is fully warranted, and yet does not decide the precise point here presented.

Under our statutes, the only limitations upon the quantity and value of lands that may be selected as a homestead not included in any town plot, city or village, are that they shall

not exceed 160 acres in area or $2,500 in value. There is the further limitation that they shall be used for agricultural purposes. The declaration of the defendant is within the statutory limitations.

It is contended by plaintiff that the lands which may be selected as a homestead must be contiguous. Conceding, without deciding, that contiguity is an essential element entering into our statutory definition of a homestead, it does not follow that the declaration in question is invalid.

The New Century Dictionary defines "contiguous" as follows: "Touching, being in contact, adjoining, immediately successive." The word "contiguous," according to Funk & Wagnalls' New Standard Dictionary, means: "Touching or adjoining at the edge or boundary." Webster's New International Dictionary defines "contiguous" as "in actual contact, touching."

Where two tracts of land corner with each other, as here, they are contiguous (*Clements* v. *Crawford County*, 64 Ark. 7, 62 Am. St. Rep. 149, 40 S. W. 132, and, when used as one farm, may be selected as a homestead (*Brixius* v. *Reimringer*, 101 Minn. 347, 118 Am. St. Rep. 629, 112 N. W. 273). The fact that the land is worked by a tenant does not bar the owner of the right to select it as a homestead when he resides in the dwelling-house situated thereon. (*Perkins* v. *Quigley*, 62 Mo. 498; *Haggard* v. *Haggard*, (Mo. Sup.) 233 S. W. 18.)

In *Linn County Bank* v. *Hopkins*, 47 Kan. 580, 27 Am. St. Rep. 309, 28 Pac. 606, under a constitutional provision similar to our statute (sec. 6968), it was held that two tracts of land cornering may not be exempted as a homestead. The case was based largely upon the Minnesota case of *Kresin* v. *Mau*, 15 Minn. (Gil. 87) 116, which was virtually overruled in the later case of *Brixius* v. *Reimringer*, supra. In neither the *Kresin* nor the *Hopkins Case* does it appear that the cornering tracts were occupied and used as one farm, and for this reason the Minnesota court in the *Brixius Case* refused to follow them.

The case of *Cabler* v. *Alexander*, 111 Or. 257, 224 Pac. 1076, is relied upon by plaintiff. But in that case the tracts were not cornering on each other as here.

Defendant's declaration of homestead is not open to the objection contended for by plaintiff. It being valid, the property was exempt from execution sale (sec. 6948, Rev. Codes 1921), and plaintiff acquired no interest therein by virtue of the attempted sale.

The fact that defendant's declaration embraced ten acres which he did not own does not affect its validity as to the remaining 150 acres. The area or value of the land embraced in the declaration did not exceed the limitations prescribed by statute. To the extent of the ten acres not owned by defendant, it, of course, is subject to attack, and the court properly found that neither plaintiff nor defendant has any interest therein.

The judgment of the district court to the effect that defendant is the owner of the 150 acres by virtue of his declaration of homestead was proper and is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.