JOHN STEWART, Survivor of PETER STEWART, Respondent, *v.* HIRAM BROWN, Sheriff of Alleghany Co., Appellant.

*Execution—Statutory Exemption—Team of Householders—Joint Debtors and Owners.*

The language of the statute, exempting from levy and sale on execution certain property of the judgment-debtor, should be construed in harmony with the humane and remedial purposes thereof.

Where two householders own a team between them, which, if owned by either individually, would be exempt under the statute, it is likewise exempted as firm property.

Appeal from the Supreme Court. The action was for the recovery of a pair of horses and a double harness.

The Defendant claimed to justify the taking under an execution against the Plaintiffs in favor of Miller and Grainer.

The only question in the case was, whether the team was exempt from seizure and sale on execution.

The cause was tried before Alexander Storrs, as sole referee. The facts as found were substantially these:

The Plaintiffs were partners in the ownership of the horses and harness, which were worth $160. They had no other property except a few articles of household furniture, of trifling value. Each of them was a householder, and each had a family for which he provided. Both the Plaintiffs were teamsters, and they respectively derived their support from the use of the horses and harness, having no other means to provide for their families. The judgment in question was for a firm debt; and the Defendant, under the execution issued thereon, took the team, claiming that it was subject to levy and sale.

The Plaintiffs replevied it, claiming that it was exempt property. The referee gave judgment for the Plaintiffs, which was affirmed on appeal to the General Term in the Eighth District.

The opinion of the Court was delivered by Mr. Justice Daniels.

*E. B. Vedder* for Appellant.
*Wilkes Angel* for Respondents.

PORTER, J.—The argument submitted for the Appellant is ingenious; but its fallacy is apparent, in view of the conclusions to which it tends. If it proves anything, it is that the property of a firm is not owned by the persons who compose it, either collectively or otherwise.

It certainly does not belong to any one else, and if the Appellant is right, the title is in a state of abeyance. If the partners have such an ownership as subjects the property to seizure on execution, they have also such an ownership as entitles them to claim its exemption, in a case plainly falling within the terms and intent of the statute.

In the instance before us, the complaint alleges, and the answer admits, that the horses and harness in question were the property of the Plaintiffs.

The facts found by the referee meet all the requirements of the act exempting from levy and sale the necessary team of " any person being a householder or having a family for which he provides " (4 Edmond's Statutes at Large, 626).

It is insisted that the clause applies only to a *several* owner, as the word " person " is used in the singular number. The short answer is, that by a provision in our general law, when a statute refers to any matter or person, by words importing the singular number, several matters or persons shall be deemed to be included, unless such a construction would be repugnant to the general language employed (2 R. S. 778, § 11).

In respect to articles otherwise within the terms of the act, such ownership as suffices to make them subject to seizure brings them within the exemption. If each of the Respondents had owned a pair of horses, both teams would have been exempt, upon the state of facts found by the referee. It would be an obvious perversion of the statute to hold that the Plaintiffs forfeited its protection by owning but a single team between them, used for the common support of both.

. The language of the act should be construed in harmony with its humane and remedial purpose. Its design was to shield the poor, and not to strip them.

The interest it assumes to protect is that belonging to the debtor, be it more or less. The ownership of the team may be joint or several; it may be limited or absolute.

Whatever it be, within the limitations of the statute the debtor's interest is exempt, in view of his own necessities, and of the probable destitution to which its loss might reduce a family dependent on him for support.

The judgment should be affirmed.

All the Judges concurring.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.