LINDLEY, appellant, *v.* DAVIS ET AL., respondents.

STATUTE OF ANOTHER STATE — *Effect.*— Where a legislature adopts a statute from another state, it will be presumed to have adopted that statute as interpreted theretofore by the courts of that state; and adopting the statute as it was originally enacted, disregarding a subsequent amendment, it will be presumed to have adopted the interpretation of the statute as made prior to the amendment.

HOMESTEAD — *Partnership lands.*—Under Revised Statutes Montana, sections 311, 313, allowing a householder a homestead, no homestead can be set apart by a partner from land held by the partnership, as against a firm creditor. So, where a creditor of the firm attaches real estate belonging to the firm, the members cannot by mutual releases destroy the nature of the property, or of the tenancy, so that one of them can annul the lien of attachment by claiming a part of the land as a homestead.

*Appeal from Gallatin County, First District.*

LUCE & ARMSTRONG, for the appellant.

J. J. DAVIS, for the respondents.

BACH, J.    This is an appeal from a judgment, and from an order denying a motion for a new trial. The action is

one of ejectment. The following are the material facts in the case: On the 28th day of November, 1883, and for some time prior thereto, the defendants, Will F. Davis and William H. Babcock, were partners in the general business of buying and selling real estate in the city of Bozeman, Gallatin county. On the 28th day of November, 1883, an action was commenced by Nelson Story against the said Davis & Babcock. The foundation of that action was an alleged indebtedness of the defendants, as partners, upon an express contract. An attachment was duly issued, and was levied upon the real estate belonging to the defendants in that action as partners. Subsequent to the filing of the attachment, William H. Babcock conveyed to Will F. Davis all his (said Babcock's) interest in the land which is the subject of this action. The house upon this land was built by the firm of Davis & Babcock. A judgment in favor of the plaintiff was rendered in the action of Story against Davis & Babcock. The land in question was sold to satisfy the judgment, and was bought by the plaintiff herein. At the time of the sale, the defendant Will F. Davis gave notice according to law that he claimed the property as his homestead. After the expiration of the time for redemption, the sheriff gave to the plaintiff the deed usual in such cases. Upon this state of facts, the court below gave judgment for the defendants. Plaintiff moved for a new trial, upon this ground, among others, to wit: "Errors of law. The court erred in finding that, on or prior to the commencement of this action, the said defendants were rightfully in the possession of any part of the demanded premises, or of the part thereof claimed by them as a homestead." There are many other errors of law assigned; but they all bring up in different ways the same question, to wit: Under the facts in this case, could the defendant claim a homestead in land belonging to a partnership, as against a purchaser at a sale under execution issued upon a judgment against the firm?

The rights of the plaintiff in this action, whatever they

may be, date back to the filing of the attachment, and are not confined to the date of the sale, or the date of the sheriff's deed. No act of the defendants in the case of *Story* v. *Babcock & Davis* could change or destroy any right secured by Story by virtue of his attachment in that case. Therefore the said Babcock could not, by deed to his partner, Davis, or any one else, destroy the lien of that attachment upon his interest in the land; neither could Davis, as to his interest therein. Therefore the question for us to consider is: Can a homestead be set apart from land held by a partnership by a partner, as against a firm creditor?

It is a useless task to investigate the various decisions upon this point; and we are spared that labor by applying the general principles of statutory interpretation. Sections 311 and 313 of the Code of Civil Procedure contain the provisions of our law relating to the setting apart of the homestead upon a sale of lands under execution. Those sections are adopted *verbatim* from the statutes of California, and they became a law in this territory on the 7th day of January, 1869. Prior to that time those laws had been interpreted by the supreme court of California.

The rule of statutory interpretation is, " what did the legislature intend?" and the intent of the legislature in regard to a law adopted from the statute of one state, already interpreted by the court of last resort in that state, is presumed to be in accord with that interpretation. In other words, when a legislature adopts a statute from another state, it will be presumed to have adopted that statute as interpreted theretofore by the courts of that state. In *Hershfield* v. *Aiken*, 3 Mont. 449, the court say: " Our habit is to follow the supreme court of California when applicable, having taken our code from that state." It has been frequently held by this court that this rule would be followed in the interpretation of the statutes of California adopted by our legislature.

The policy of the homestead law, as well as the laws relating thereto in this territory, have been taken from Cal-

ifornia. The history of these laws in California, and their adoption here, are interesting reading. The library does not contain the California statutes, but they can, as far as this case is concerned, be found in the reports of that state. Sections 311 and 313 of our code are taken from the act of 1851 of the laws of California, as will be seen by reference to *Gregg* v. *Bostwick*, 33 Cal. 220, 224, 225. The act of the legislature approved January 7, 1869, was the first in this territory on the subject; and the law as then passed contains the provisions in the sections 311 and 313, in the same words, except that the quantity of land was increased from eighty to one hundred and sixty acres by the laws of 1869.

The supreme court of California, in July, 1855, say: " The statute did not contemplate that homesteads should be carved out of land held in joint tenancy, or tenancy in common, because it has not provided any mode for their separation and ascertainment." *Wolf* v. *Fleischacker*, 5 Cal. 244. This case was affirmed in the following cases: *Kellersberger* v. *Kopp*, 6 Cal. 564, in October, 1856; in *Giblin* v. *Jordan*, id. 416; in *Reynolds* v. *Pixley*, id. 166; *Bishop* v. *Hubbard*, 23 Cal. 514, in 1863; *Elias* v. *Verduso*, 27 Cal. 419, in 1865; and all of these cases are cited in the later case, *Carroll* v. *Ellis*, 63 Cal. 441.

*Bishop* v. *Hubbard*, 23 Cal., above cited, is peculiarly applicable; for the land was held by a partnership, and the partners made a division of the property by mutual deeds. The division was made before the firm creditors levied upon the land. The court held that the land was not exempt as a homestead, but was subject to the partnership debts.

Such was the interpretation given by the courts of California to those laws before the same were adopted by our legislature in 1869. In the year 1868 the legislature of California amended the homestead laws of that state so that a homestead could be set apart, even though the lands were owned by joint tenants or tenants in common. It will be observed that the homestead law of Montana was not enacted until after the amendment of the California law just

referred to; and, further, that our legislature disregarded the amendment. This would seem to give a peculiar force to the adoption of the California law as unamended; for our legislature had before it, not only the interpretation of the former law, but the amendment of the law made to overcome that interpretation. And we are forced to conclude that, by the adoption of the old law unamended, the intent of the legislature was to adopt that law as it had been already interpreted by the supreme court of California.

In our opinion, when a creditor of a partnership has attached real estate belonging to such partnership, the members of that partnership cannot, by mutual releases, destroy the nature of the property, or of the tenancy, so that either one of them can annul the lien of attachment by claiming a part of the land as a homestead. In this view of the case, it is unnecessary for us to consider the peculiar character given to real estate owned by a partnership.

The conclusion of law referred to was erroneous. The judgment and the order denying the motion for a new trial are reversed, with costs.

*Judgment reversed.*

WADE, C. J., and GALBRAITH, J., concur.