FERGUSON, APPELLANT, *v.* SPEITH· ET AL., RESPONDENTS.

[Argued January 26, 1893.   Decided December 11, 1893.]

HOMESTEAD—*Partnership property—Exemption.*—A partner is entitled as against the creditors of the firm to claim and hold a homestead in the partnership estate, under section 322 of the Code of Civil Procedure exempting a homestead, to be selected by the owner, from forced sale on execution or other final process. (*Lindley* v. *Davis*, 7 Mont. 206, reviewed.)

*Appeal from Ninth Judicial District, Gallatin County.*

Ejectment.   The cause was tried before ARMSTRONG, J., without a jury.   Defendants had judgment below.   Affirmed.

Statement of the case prepared by the justice delivering the opinion.

It appears from the record in this case that in the year 1867 respondent Jacob F. Speith and one Charles Krug entered into copartnership in the brewing business in Bozeman, in this state; that Speith put into said business the sum of three thousand five hundred dollars, Krug failing to contribute any thing in cash; that in April, 1873, said partners purchased the property in dispute with partnership funds; that in May of that year Speith with his family took possession of the premises and has occupied them ever since with his family as a home and now so occupies them.

Krug, the other copartner, also occupied a room in said dwelling-house, and it appears that the employees of the firm boarded at the table which was maintained in said house, at the expense of the partnership firm.   Krug died, and the partnership assets were attached, the title of said property standing in the name of the firm.   Said property was attached and sold under certain executions in May, 1890, and plaintiff be-

came the purchaser. Defendant Speith, however, at the time of the sale, and during the whole course of the contention, insisted that said property was subject to his homestead claim, giving plaintiff full notice of his claim. This action, in the nature of ejectment, was brought by Ferguson, claiming title under said execution sale to obtain possession of said premises. Speith sets up his homestead claims in defense of the action. The land does not exceed in value or extent the statutory allowance for a homestead. The case was tried by the court below without a jury. The findings and judgment were in favor of the defendants. Plaintiff appeals.

*H. C. Cockrill,* and *Charles S. Hartman,* for Appellants.

I.    The property in controversy was purchased with partnership funds. It remained partnership property up to the date of the death of Charles Krug; and such being the case the title of the property vested in Speith as surviving partner, for the purpose of the settlement of firm debts, and if Speith failed to settle the firm debts with the partnership property the same could be subjected to the payment of such debts by levy of attachment or execution. (*Krueger* v. *Speith,* 8 Mont. 482, and cases cited; Story on Partnership, §§ 344, 358, 361, 362; 2 Bates on Partnership, § 749, note 2, § 750, note 3; *Nelson* v. *Hill,* 5 How. 133; Drake on Attachments, § 571.)

II.    The defendants could not have homestead in the property. It was purchased by the partnership for the partnership uses, with partnership assets, and being partnership property (*Roberts* v. *Eldred,* 73 Cal. 494; Story on Partnership, § 98, and notes 1 and 3) it was primarily liable for firm debts—was not subject to homestead. (Story's Equity Jurisprudence, § 694; *Greenwood* v. *Marvin,* 111 N. Y. 423; *Duryea* v. *Burt,* 28 Cal. 580; *Allen* v. *Withrow,* 110 U. S. 120; *Pepper* v. *Thomas,* 85 Ky. 539; Herman on Estoppel, p. 1056; *Bishop* v. *Hubbard* 23 Cal. 514; 83 Am. Dec. 132; *Gaylord* v. *Imhoff,* 26 Ohio St. 317; 20 Am. Rep. 761; Thompson on Homestead, § 194; *Kingsley* v. *Kingsley,* 39 Cal. 666.)

*E. P. Cadwell,* for Respondent.

The property claimed was a homestead, claimed and proven to be used and occupied as such by said Jacob F. Speith and

wife, Barbara Speith, ever since 1873, and hence not subject to sale under execution for the debts of the partnership. (*Lindley* v. *Davis*, 7 Mont. 206; *King* v. *Goetz*, 70 Cal. 236.) The only estate secured by the plaintiff under his execution sales against Jacob F. Speith was such title as Jacob F. Speith possessed at the time of the levy of the execution, merely an equitable title. The title to real estate owned by the members of a partnership, on the death of one member, vests in his heirs, charged only with the equity or a lien for partnership debts and the settling of the rights and claims of the partners of such partnership against each other; hence no legal title to the property, or any part thereof, is or was vested in the plaintiff by virtue of his sheriff's deed. (Lindley on Partnership, §§ 652–64; *Smith* v. *Jackson*, 2 Edw., c. 28; *McCauley* v. *Fulton*, 44 Cal. 355; *Wood* v. *Fleet*, 36 N. Y. 499; *Delmonico* v. *Guillaume*, 2 Sand. Ch. 366; *Buchan* v. *Sumner*, 2 Barb. Ch. 207; Matter of *Howe*, 1 Paige, 125; 19 Am. Dec. 395; *Dillon* v. *Brown*, 11 Gray, 179; 71 Am. Dec. 700; *Merritt* v. *Dickey*, 38 Mich. 41; *Thayer* v. *Lane*, Walk. Ch. 200; *Hanson* v. *Metcalf*, 46 Minn. 25; *Cummings' Appeal*, 25 Pa. St. 268; 64 Am. Dec. 695; *Greene* v. *Graham*, 5 Ohio, 264; *Tillinghast* v. *Champlin*, 4 R. I. 173; 67 Am. Dec. 510; *Ludlow* v. *Cooper*, 4 Ohio St. 1; *Patton* v. *Patton*, Winst. Eq. 20; 86 Am. Dec. 448; *Shanks* v. *Klein*, 104 U. S. 18–24; *Ruffner* v. *McConnel*, 17 Ill. 212; 63 Am. Dec. 362; *Furman* v. *Fisher*, 4 Cold. 626; 94 Am. Dec. 210.)

PEMBERTON, C. J.—The question for this court to determine is this: Is a partner entitled to claim and hold a homestead exemption out of the partnership estate? Section 322, first division Code of Civil Procedure, reads as follows:

"SEC. 322. A homestead consisting of any quantity of land not exceeding one hundred and sixty acres used for agricultural purposes, and the dwelling-house thereon, and its appurtenances, to be selected by the owner thereof, and not included in any town plot, city, or village; or, instead thereof, at the option of the owner, a quantity of land not exceeding in amount one-fourth of an acre, being within a town plot, city, or village, and the dwelling-house thereon, and its appurte-

nances, owned and occupied by any resident of this territory (state) shall not be subject to forced sale on execution, or any other final process from a court: *Provided*, Such homestead shall not exceed in value the sum of two thousand five hundred dollars."

It will be observed that this statute does not except partners from the benefits thereof. In *Stewart* v. *Brown*, 37 N. Y. 350, 93 Am. Dec. 578 (a case involving the right of partners to claim the statutory exemptions), Mr. Justice Porter, speaking for the court says: "The argument submitted for the appellant is ingenious; but its fallacy is apparent, in view of the conclusions to which it tends. If it proves any thing it is that the property of a firm is not owned by the persons who compose it, either collectively or otherwise. It certainly does not belong to any one else, and if the appellant is right, the title is in a state of abeyance. If the partners have such an ownership as subjects the property to seizure on execution they have also such an ownership as entitles them to claim its exemption, in a case plainly falling within the terms and intent of the statute.

"In the instance before us, the complaint alleges, and the answer admits, that the horses and harness in question were the property of the plaintiffs. The facts found by the referee meet all the requirements of the act, exempting from levy and sale the necessary team of 'any person, being a householder, or having a family for which he provides.' (4 Edm. Stats. 626.) It is insisted that the clause applies only to a several owner, as the word 'person' is used in the singular number. The short answer is, that by a provision in our general law, when a statute refers to any matter or person, by words importing the singular number, several matters or persons shall be deemed to be included, unless such a construction would be repugnant to the general language employed. (2 Rev. Stats., 778, sec. 11.)

"In respect to articles otherwise within the terms of the act, such ownership as suffices to make them subject to seizure brings them within the exemption. If each of the respondents had owned a pair of horses, both teams would have been exempt upon the state of facts found by the referee. It would be an obvious perversion of the statute to hold that the plain-

tiffs forfeited its protection by owning but a single team between them, used for the common support of both.

"The language of the act should be construed in harmony with its humane and remedial purpose. Its design was to shield the poor, and not to strip them; the interest it assumes to protect is that belonging to the debtor, be it more or less. The ownership of the team may be joint or several; it may be limited or absolute. Whatever it be, within the limitations of the statute, the debtor's interest is exempt, in view of his own necessity and of the probable destitution to which its loss might reduce a family dependent on him for support. The judgment should be affirmed." (See note to this case in 93 Am. Dec. 579.)

In *Blanchard* v. *Paschal*, 68 Ga. 32, 45 Am. Rep. 474, involving the rights of partners to homestead exemptions, the court say: "The questions made by the record are, first, whether, if a portion of the personal property included in the schedule of applicant belonged to the firm of Paschal and Heidingsfelder at the time the same was levied upon, and no severance had been made by the partners at that time, he was entitled to an exemption in such portion?

This exact question has never been ruled by this court. In *Harris* v. *Fisscher*, 57 Ga. 229, it was held, where each partner had applied for a homestead in partnership land, the same being assigned to them severally in separate parcels, a prior creditor, on reducing the debt to judgment, could not enforce the judgment over the homestead right.

In *Newton* v. *Summey*, 59 Ga. 397, an injunction was refused to a partner who sought to enjoin the wife of another member of the firm from taking homestead in the partnership land, on the ground that the property was partnership property, and needed to pay partnership liabilities.

Again, it was ruled in *Hunnicutt* v. *Summey*, 63 Ga. 586, that a homestead in the undivided half of the real estate belonging to a firm may be set apart to the wife of one of the partners, and such homestead will be valid against general creditors of the firm.

In the first case cited there had been a partition of the lands by the partners, between themselves, before the judgment. In

the second case, where the injunction was refused, the homestead had been set apart out of the undivided half of the premises. In the third case it was also set apart out of the undivided half of the real estate belonging to the partnership.

In the case before us it was after the levy that the settlement or severance was had by the partners, and it is claimed that it was then too late for any act of the partners to affect the rights of creditors, or to authorize the exemption, even if the right existed before the judgment, until after the partnership debts had been paid.

The theory of the plaintiff in error is that the partnership property must go to the payment of the partnership debts before any individual interest can exist, whereas, in fact and in law, the individual members of the firm are the real owners of the partnership property. And although the law directs how debts shall be paid, it never loses sight of the fact that a partnership is made up of individuals who own the assets. It is nevertheless true that in the absence of any legal provision giving a different direction to the disposition of the assets of a firm, they would have to be paid out as claimed. But here is interposed between this disposition of the property which an individual may have in a partnership another overriding and superior right thereto, which no court or ministerial officer can disregard, and no officer has the jurisdiction or authority to seize or sell, except for certain specified debts in which partnership debts are not included.

Unless, therefore, partnership property is to be appropriated to partnership debts, regardless of all individual rights, then whether the same was levied upon or not is wholly immaterial, as the judgment and levy can give the creditors no higher right as against an exemption and homestead than they had before.

Any other construction of the constitutional provision and the laws passed in pursuance thereof would be to put partnership debts upon a higher footing than individual debts, and on the same level with those excepted in the constitution, as well as to deny the right of homestead and exemption to possibly one-fifth of the heads of families in the state, and who happen to be engaged in partnership pursuits. And the constitution,

in effect, would then be made to read that each head of a family in this state shall be entitled to an exemption of personalty and a homestead of reality, except partners, and they shall be excluded until they pay off and discharge all their partnership liabilities."

In *Skinner* v. *Shannon*, 44 Mich. 86, 38 Am. Rep. 232, Mr. Chief Justice Marston, delivering the opinion of the court, says: "The exemption laws of this state have ever received a most liberal construction in aid of the wise and humane policy so clearly set forth in our constitution and laws. As was said in *Rosenthal* v. *Scott*, 41 Mich. 633, the laws securing exemptions are not to be frittered away by construction so as to destroy their value. It has been held, accordingly, that one whose principal business was that of blacksmith might manufacture a wagon during his leisure time and offer the same for sale, and that it would be exempt while in process of manufacture and while held for sale. (*Stewart* v. *Welton*, 32 Mich. 56.) So the execution debtor is entitled to the full statutory exemption. Personal property subject to a mortgage for more than its appraised value cannot be turned out to him. (*Bayne* v. *Patterson*, 40 Mich. 658.) A homestead can be claimed in lands held in joint tenancy, or as tenants in common (*Lozo* v. *Sutherland*, 38 Mich. 171), and in lands of which a party was in possession under a contract to purchase. (*Orr* v. *Shraft*, 22 Mich. 261.) So a house, exempt as such, might be removed to another parcel of land without danger of seizure while in transit. (*Bunker* v. *Paquette*, 37 Mich. 79.) And a boarding-house keeper is entitled to the same exemption of household furniture as any other person. (*Vanderhorst* v. *Bacon*, 38 Mich. 669; 31 Am. Rep. 328.)

That the several members of a copartnership come within the language of the statute and constitution there should be no question, and that they, by becoming members of a firm, do not place themselves beyond the pale of the reason of the law would seem clear. The same reason which exists for protecting an individual engaged in carrying on business would seem to apply with equal force to each and every member of a firm. The whole object of the law is to prevent a person from being stripped of all means of carrying on his business, and in this

respect no distinction can exist between those who are members of a firm and those who are not.

Indeed, it is not claimed that members of a firm are not equally within the words and protecting care of the constitution and statute, but that the right is not given them, because of the peculiar rights of copartners to the firm property, as between themselves and also their creditors.

If the property is exempt under the statute, parties dealing with them must take notice of that fact, and it is no hardship whatever to enforce the right when the occasion arises which demands it. The creditor, in selling goods to the individual, knows that a certain portion of his debtor's property is not, and will not be, subject to his demands. And so if he sells to a firm, and the firm, or each member thereof, is entitled to a statutory exemption, the creditor sells in view of the hazard. There may be cases where, as between the members (and the same perhaps would not apply as to creditors), where one or more of the firm had no interest in the goods, but only in the profits, and some question might arise as to the right of such copartners to claim any part of the property as exempt; but such is not this case, and we do not, therefore, pass upon that question. So other difficulties may arise. Very many of these supposed difficulties are imaginary only, but we need not anticipate them. In my opinion the execution debtors in this case were each entitled, under our constitution and statute, to his exemption. (*Russel* v. *Lennon,* 39 Wis. 570; 20 Am. Rep. 60; and see the reasoning, also, in *Stewart* v. *Brown,* 37 N. Y. 350; 93 Am. Dec. 578.)

And it may be observed that the supreme court of Michigan, at the time of the rendition of this opinion, was composed of such able jurists as Chief Justice Marston, Benjamin F. Graves, Thomas M. Cooley, and James V. Campbell.

In *Swearingen & Garrett* v. *Bassett,* 65 Tex. 267, a case involving the right of a partner to a homestead out of the firm estate, the court say: " The decisions and the statutes referred to illustrate the tendency of our laws. Right or wrong, wise or unwise, from the beginning, neither the people in convention, nor the legislature, nor the courts have taken any backward steps. Every change has extended the protection, and

these have been sufficiently frequent to make the progress of expansion a steady march. When the courts have hesitated or halted they have been brought forward into line by the law-making power.

In the absence of the definitive legislation to guide us, and in obedience to the progressive tendency adverted to, we hold, against the preponderance of authority, but with the preponderance of reason, that a partner in a solvent firm may destinate his interest in partnership realty as a part of his homestead, and thus secure it from forced sale."

See, also, *Evans* v. *Bryan*, 95 N. C. 174, 59 Am. Rep. 233, in which case the court hold that a partner is entitled to have his exemption set apart to him out of the partnership estate.

In Iowa the courts hold that a tenant in common may have a homestead set apart to him out of the common property (see *Hewitt* v. *Rankin*, 41 Iowa, 35; *Thorn* v. *Thorn*, 14 Iowa, 49; 81 Am. Dec. 451), and a number of the cases cited above hold that partners in real estate are in fact tenants in common.

In Minnesota, from which state our statutes of exemptions seem to have been taken, it is settled that a tenant in common is entitled to a homestead out of the common estate. This court has held that a tenant in common is entitled to a homestead out of the common property. (See *Lindley* v. *Davis*, 7 Mont. 206.) We are aware that a great many authorities hold that a partner or tenant in common is not entitled to a homestead out of the partnership or common estate. Perhaps, in the language of the Texas case, *supra*, the "preponderance of authority" is that way, but we think in the language of the same authority "the preponderance of reason" is with the authorities quoted above, to the effect that partners and tenants in common are entitled to a homestead out of the partnership or common estate. Our statute does not except partners or tenants in common from the benefit of its provisions. In *Lindley* v. *Davis*, 7 Mont. 206, our court says, "There is no pretense that the word 'owner' cannot be applied to a tenant in common." If the word "owner" as used in our statute includes tenant in common, by what kind of reason or logic can it be held to exclude partner? If so held it would be in effect to construe our statute to mean and read, in the language of

the Georgia case, *supra*, "that each head of a family in this state shall be entitled to an exemption of personalty, and a homestead of realty, except partners, and they shall be excluded until they pay off and discharge all their partnership liabilities." This construction we consider too narrow and illiberal, and not authorized by the language of our statute.

Our constitution, article xix, sec. 4, is as follows: "The legislative assembly shall enact liberal homestead and exemption laws." The trend of the later and best considered adjudications is towards a liberal construction in favor of the debtor in such cases. In *Stewart* v. *Brown*, 37 N. Y. 350, 93 Am. Dec. 578, the learned court say, "the language of the act should be construed in harmony with its humane and remedial purpose. Its design was to shield the poor, and not to strip them; the interest it assumes to protect is that belonging to the debtor, be it more or less."

The tendency of legislation is in the same direction of liberality. Our own court has uniformly given a liberal construction to our exemption and homestead laws. The common law stripped the debtor of all his property, if necessary to pay his debts, and put him in jail if he had not enough to pay in full. But we have traveled a long way from the inhumanity and cruelty of this system, and still the tendency is to a higher plane of liberality and humanity. The illiberal construction of our statute contended for by the appellant in this case, and heretofore and now in vogue in many jurisdictions, is too narrow and harsh; is not in keeping with the spirit of humanity that pervades the later best considered cases on the subject. It is retrogressive, and, if adopted, would relegate a large portion of our population to the rigors and cruelties of the common law.

We, therefore, hold that a partner, having the necessary qualifications, is entitled as against creditors of the firm to claim and hold a homestead in the partnership estate.

But this is not to be understood as affecting in any way the mutual rights and relations of partners among themselves in adjusting their rights and interests in the partnership estate.

The judgment of the court below is affirmed.

*Affirmed.*

De Witt, J. (*concurring*).—I concur in affirming the judgment. The case of *Lindley* v. *Davis,* 6 Mont. 453, 7 Mont. 206, was earnestly contested by counsel, and deliberately considered by the court.

It was finally held that a cotenant was entitled to homestead in real estate held in cotenancy (7 Mont. 206). That decision remaining undisturbed, decides, I think, the case before us. In that case the court held that the facts showed that the premises had, by the partners, been withdrawn from the partnership assets, and were owned by the partners as cotenants, as in any other cotenancy (regardless of the partnership relations of the owners), and that they had been devoted to the homestead of the partner Davis, the defendant in the case.

I think, in the case at bar, that there is a stronger showing of a withdrawal of the premises, by the partners, from the partnership assets (if they ever were such), and a devotion of the same to the homestead of Speith. Such facts, and the application of the decision in *Lindley* v. *Davis,* that the cotenant is entitled to homestead in the common property, are sufficient, in my mind, to sustain the homestead claim of Speith. I, therefore, concur in the judgment pronounced.