**FILED**

August 9 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0708

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 167

CBI, INC., d/b/a CBM COLLECTIONS,

        Plaintiff and Appellee,

   v.

SHARON McCREA,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDV-11-0221
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Sharon McCrea (Self-Represented), Great Falls, Montana

      For Appellee:

          Andrew C. Clegg, CBM Collections, Missoula, Montana

Submitted on Briefs:  July 11, 2012

Decided:  August 9, 2012

Filed:

_____
                     Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Sharon McCrea, acting as a self-represented litigant, appeals the decision of the Eighth Judicial District Court awarding judgment of $8,487.96 to CBM Collections, a Missoula collection agency. We affirm.

## ISSUE

¶2 A restatement of the issue on appeal is:

¶3 Did the District Court err by denying McCrea's motion for a hearing on exemption and her motion to strike?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Sharon McCrea owed Partnership Health Center $32. She also had an outstanding debt of $5,793.92 on a credit card with the Missoula Federal Credit Union (MFCU) and had fallen behind on her payments. McCrea was notified that these debts were being assigned to CBM for collection. CBM filed its Complaint in March 2011 seeking the full amount owed plus interest and fees.

¶5 McCrea, representing herself, filed her Answer to CBM's Complaint in April 2011. She did not deny owing the debts nor did she deny any of the allegations set forth in the Complaint. McCrea's answer was directed more toward the conduct of MFCU than it was to the conduct of CBM. She argued that MFCU was unfairly and deliberately targeting her for collection and that the matter should be "remanded" to the credit union so that she could continue making payments. She sought discovery of credit card documents and her cell phone billing statements to establish that she had been in regular contact with the MFCU in an attempt to resolve the matter.

2

¶6    CBM moved for judgment on the pleadings and, on June 6, 2011, the District Court, without ruling on McCrea's "Motion for Judge's Approval for Subpoena Duces Tecum," granted judgment to CBM in the amount of $8,487.96, which included the outstanding amounts due together with interest, collection agency fees, court filing fee, and service of process fee.

¶7    Following the entry of judgment against her, McCrea filed a Request for Hearing for Exemptions in July 2011. She claimed that the $911 levied from her bank account as part of the judgment execution should be exempt. She also cited several specific exemptions provided in § 25-13-609, MCA, such as household furnishings and a motor vehicle. In her motion seeking a hearing on claimed exemptions, she asserted CBM violated the Fair Debt Collection Practices Act. CBM filed an objection to McCrea's hearing request, arguing that § 25-13-609, MCA, does not provide an exemption for a bank account; therefore, CBM rightfully seized money from McCrea's bank account to satisfy the judgment. McCrea filed a motion to strike CBM's objection. On November 2, 2011, the District Court, without rationale or explanation, denied McCrea's motions for a hearing and to strike. It is from this order that McCrea appeals.

¶8    McCrea subsequently moved to stay the execution of judgment during appeal, and filed a notice of appeal on November 30, 2011. On December 20, 2011, the District Court issued an "Order Amending Prior Order in re Asserted Execution Exemptions and Order Denying Motions for Stay, Appeal without Bond and Ruling on Fair Debt Collection Claims" (Order). In this Order, the Court set forth its rationale for denying McCrea's various motions.

3

¶9    McCrea appeals.

<h1 align="center">STANDARD OF REVIEW</h1>

¶10   In the case at bar, the District Court determined that McCrea did not satisfy the requirements of the statute allowing a judgment debtor to request a hearing on exemptions. We review a district court's interpretation and application of a statute for correctness. *Hendershott v. Westphal*, 2011 MT 73, ¶ 19, 360 Mont. 66, 253 P.3d 806.

<h1 align="center">DISCUSSION</h1>

¶11   *Did the District Court err by denying McCrea's motion for a hearing on exemption and her motion to strike?*

¶12   On appeal, McCrea claims numerous errors by the District Court; however, as noted above, McCrea appeals only the District Court's November 2, 2011 order. We therefore focus on the arguments she presents in her appellate brief that are applicable to the November order. McCrea claims that the District Court erred by providing no reasoning for its November 2 ruling.

¶13   The District Court's order stated:

> IT IS HEREBY ORDERED that Defendant's *Request for Hearing for Exemptions* (Doc. 10, filed 07-15-11), and Defendant's *Motion to Strike Plaintiff's Objection for Defendant's Request for Hearing and Provide Defendant An Exemptions Hearing* (Doc. 12, filed 8-1-11), are hereby denied.
> SO ORDERED this 2nd day of November, 2011.

After the notice of appeal had been filed, the District Court issued a *nunc pro tunc* Order reflecting that the denial was based upon the arguments presented in CBM's objection to McCrea's motions and upon the court's determination "that Defendant's motions failed to make a particularized factual and legal showing for further proceedings on the merits

of the motions." In other words, McCrea failed to establish, with particular facts, how the exemption statute applied to her case and she failed to present a legal argument in support of her request for hearing and motion to strike.

¶14 We first address the District Court's conclusions reached in its *nunc pro tunc* Order. Section 25-13-212, MCA, allows a judgment debtor to file a written request for a hearing with the court that issued the execution. This written request must be filed within ten days of the date the debtor received notice of execution if notification was by personal service, or within ten days of the date notification was mailed pursuant to § 25-13-211(2), MCA. It is undisputed that McCrea filed a timely request for a hearing on exemptions.

¶15 Section 25-13-212, MCA, requires that the judgment debtor include with her written request for a hearing, a written description of the property the debtor claims is exempt and the reasons for the claim that the property is exempt. Debtor must include "copies of any documentation upon which the judgment debtor is relying for the exemption claim."

¶16 In her request for an exemption hearing, McCrea objected to the levy of $911 from her bank account, levied in partial satisfaction of the judgment against her, on the ground that it was all the money she had to get through the summer. She then listed the three subsections of § 25-13-609, MCA, which set forth personal property that is exempt from execution of judgment. Notably, § 25-13-609, MCA, does not exempt, much less address, money or bank accounts. For example, the statute conditionally exempts clothing, household furnishings, jewelry, crops, a motor vehicle, and professional books

5

and tools. McCrea did not explain how the exemptions in § 25-13-609, MCA, applied to her, to the seized funds, or to the judgment that had been granted to CBM. Additionally, McCrea then stated in her request for a hearing: "Earnings as specified and formulated according to MCA 25-13-614." Again, she provided no particularized factual showing of the applicability of this statute. And, lastly, she presented no legal argument or support for either of her motions. As McCrea clearly did not satisfy the requirements of § 25-13-212, MCA, the District Court did not err in denying her request for a hearing on exemptions.

¶17 In her request for a hearing on exemptions, McCrea also asked the court to rule on her previously asserted claim that CBM violated the Fair Credit Reporting Act (FCRA) in pursuing collection efforts against her. She asserts error on appeal because the court did not reach these arguments. We find no error for two reasons. First, her FCRA claims are addressed in part to the underlying collection action that was reduced to a final judgment in June 2011. McCrea did not seek relief from this judgment nor did she file an appeal.

¶18 Second, to the extent that McCrea's FCRA arguments are addressed to the manner in which CBM executed on the judgment, they are improperly asserted in an exemption proceeding. Section 25-13-212, MCA, under which McCrea sought her hearing on exemptions, sets forth a discrete process to be utilized by a judgment debtor claiming a statutory exemption. The statute provides for an exemption hearing only upon a request for exemption accompanied by a statement of exempt property, an explanation of the reasons the exemption applies, and a tender of supporting documentation. Section 25-13-212(1) and (3), MCA. It does not call for the airing of common law torts or

6

claimed violations of the FCRA. Accordingly, the District Court did not err in declining to hold an exemption hearing to consider these arguments. Should McCrea wish to assert tort or FRCA claims against CBM, she must do so in an independent cause of action, not in an exemption proceeding. *See e.g. Dorwart v. Caraway*, 1998 MT 191, ¶ 13, 290 Mont. 196, 966 P.2d 1121, *overruled in part on other grounds, Trs. of Ind. Univ. v. Buxbaum*, 2003 MT 97, ¶ 46, 315 Mont. 210, 69 P.3d 663.

¶19 McCrea also appeals from the District Court's denial of her motion to strike CBM's objection to her request for an exemption hearing. Because we find the court did not err in refusing to hold the exemption hearing, we find no error in its denial of McCrea's motion to strike.

¶20 Finally, we address the court's authority to issue a *nunc pro tunc* order. A court has the inherent power to issue a *nunc pro tunc* amendment which has retroactive legal effect. We have stated:

> The distinction between what can be corrected by a judgment *nunc pro tunc* and what cannot was drawn . . . some time ago. The court does not have the power to amend the record, in order that the record may show that which did not take place, thus exercising a revisory or appellate power over its own decisions. What the court always has is the power to make the record speak the truth.

*State v. Megard*, 2006 MT 84, ¶ 20, 332 Mont. 27, 134 P.3d 90. (Citation omitted.) In this case, the court merely presented its rationale for denying McCrea's request—a rationale that was supported by the record.

¶21 As noted above, McCrea makes numerous assertions of District Court error in her brief on appeal. However, we decline to address her remaining claims. Some are claims

7

that were not identified in her Notice of Appeal. Others pertain to the final Judgment entered in favor of CBM from which no appeal was taken, and still others are raised for the first time on appeal and therefore will not be considered by this Court. *Mt. W. Bank, N.A. v. Glacier Kitchens, Inc.*, 2012 MT 132, ¶ 13, 365 Mont. 276, ___ P.3d ___. While courts are willing to make accommodations for self-represented litigants by relaxing some technical rule requirements, we will not do so where the party fails to comply with multiple civil and appellate procedural rules. *See e.g. In re Marriage of McMahon*, 2002 MT 198, ¶¶ 6-7, 311 Mont. 175, 53 P.3d 1266.

**CONCLUSION**

¶22 For the foregoing reasons, we affirm the rulings of the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JIM RICE

Justice Beth Baker, dissenting.

¶23 The law in this state is that courts will construe exemption laws liberally in favor of the debtors for whose benefit they were enacted, so long as plain legislative mandates are not disregarded. *See e.g. In re Archer*, 2006 MT 82, ¶ 15, 332 Mont. 1, 136 P.3d 563; *Neel v. First Fed. Sav. & Loan Assn. of Great Falls*, 207 Mont. 376, 383, 675 P.2d 96, 100 (1984); *Oregon Mortgage Co. v. Dunbar*, 87 Mont. 603, 606, 289 P. 559, 560

8

(1930). For as long as Montana has been a state, its Constitution has required the Legislature to "enact liberal homestead and exemption laws." 1972 Mont. Const. art. XIII, § 5; 1889 Mont. Const. art. XIX, § 4. In 1893, this Court said that Montana's exemption law "should be construed in harmony with its humane and remedial purpose. Its design was to shield the poor, and not to strip them; the interest it assumes to protect is that belonging to the debtor, be it more or less." *Ferguson v. Speith*, 13 Mont. 487, 496, 34 P. 1020, 1023 (1893) (quoting *Stewart v. Brown*, 37 N.Y. 350 (N.Y. 1867)); *see also Bank of America v. Ivey*, 2010 MT 131, ¶ 9, 356 Mont. 388, 234 P.3d 867 (citing *Ferguson*). Procedural requirements also have been interpreted liberally in favor of debtors. In *Williams v. Sorenson*, 106 Mont. 122, 126, 75 P.2d 784, 786 (1938), this Court held that "[a] substantial compliance with the statute is sufficient and technical objections will not defeat an exemption claim." *See also Neel*, 207 Mont. at 382, 675 P.2d at 100 (quoting *Williams*).

¶24 Judgment debtors in Montana have a property interest in statutory exemptions from execution which is protected by the due process guarantees contained in the Montana and United States Constitutions. *Dorwart*, ¶ 75. Due process requires that a judgment debtor whose property has been seized receive notice of the seizure of property, notice of the existence of exemptions and how to locate more information about them, notice of the procedures by which the debtor may claim the available exemptions, and a prompt hearing on whether property is exempt. *Dorwart*, ¶¶ 87-97, 103.

¶25 In response to *Dorwart*, the Montana Legislature adopted notice and hearing provisions applicable to executions upon the property of a judgment debtor. 1999 Mont.

9

Laws, ch. 89, §§ 1-3; §§ 25-13-211 to -213, MCA. Until 2007, the procedure for claiming an exemption from execution was simple: the judgment debtor was required to file a written request for a hearing with the court that issued the execution within ten days of the date notification of seizure was mailed, and mail copies to the judgment creditor and to the levying officer. Section 25-13-212(1), MCA (2005). The court was then required to hold an exemption hearing within ten days of the request. Section 25-13-212(3), MCA (2005).

¶26 In 2007, the Montana Legislature amended the procedure for claiming an exemption to require the judgment debtor to attach to the request and copies "a written statement that describes the property that the judgment debtor claims is exempt and the reasons for the claim that the property is exempt," as well as "any documentation upon which the judgment debtor is relying for the exemption claim." 2007 Mont. Laws ch. 457, § 2; § 25-13-212(1), MCA (2007). Proponents of this amendment stated that its purpose was not to complicate a judgment debtor's claim of exemption, but rather to "streamline" it, by providing creditors with the information supporting an exemption claim faster and allowing creditors to recognize the exemption without the parties and the courts going through the time and expense of a hearing. Mont. S. Jud. Comm., *Hearing on SB 227*, 60th Reg. Sess. (Jan. 19, 2007), 02:50-03:40 (opening statement by sponsor Sen. Jesse Laslovich), 07:50-09:10 (statement by proponent Michael Moore), 12:40-16:00 (statement by proponent Bruce Spencer); Mont. H. Jud. Comm., *Hearing on SB 227*, 60th Reg. Sess. (Mar. 21, 2007), 18:40-19:10 (opening statement by sponsor Sen. Jesse Laslovich), 22:40-23:50 (statement by proponent Michael Moore), 38:30-40:50

(proponent Michael Moore). It appears from this case, however, that the 2007 amendments are instead being used by creditors to deny judgment debtors an opportunity for hearing on their timely exemption claims.

¶27 In McCrea's case, her timely written request for a hearing described the property that she claimed was exempt—"[t]he $911.00 levied on my account on July 1, 2011"— and gave two possible reasons for the claim—that the money constituted earnings or federally protected benefits. Although McCrea did not attach any documentation of her claims, it is not clear whether she was informed of the necessity of doing so.

¶28 Section 25-13-211(1), MCA, requires the notice of seizure of a judgment debtor's property to:

. . .

> (c) advise the judgment debtor that the judgment debtor may be entitled to claim an exemption from execution on the property as described in part 6 of this chapter or other provisions of state or federal law; and
> (d) state the procedure by which the judgment debtor may claim an exemption and file a request for an exemption hearing.

There is no requirement that a copy of the notice of seizure be filed with the court, and the court record in this case does not include one. The writ of execution, which was filed, includes the following directive: "The notice of seizure must comply with the legislation enacted by the Montana State Legislature effective March 16, 1999." Thus, there is nothing in the record to indicate whether McCrea was informed of the need to provide the more detailed statement and documentation required by the 2007 legislation in order to have an exemption hearing.

11

¶29 Likewise, the record is not sufficient to conclude that any notice provided was "reasonably calculated to inform [McCrea] of the action and afford [her] an opportunity to present objections." *Dorwart*, ¶ 93; *see also Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14, 98 S. Ct. 1554, 1563 (1978) ("The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'"). In McCrea's case, as in many cases involving execution on a judgment, one of the circumstances to consider is that she was representing herself. Courts generally give pro se litigants reasonable latitude and flexibility in presenting their cases, so long as flexibility does not give way to abuse and the other party is not prejudiced. *See Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124 (citing *First Bank (N.A.) – Billings v. Heidema*, 219 Mont. 373, 376, 711 P.2d 1384, 1386 (1986)).

¶30 Under the circumstances, in the absence of a record indicating that McCrea was notified of the requirement to submit specific documentation, I would hold that, at a minimum, the District Court should have given McCrea the opportunity to supplement her hearing request under § 25-13-212, MCA, once she was informed of the documentation needed to substantiate her exemption claims. On that basis, I would reverse.

/S/ BETH BAKER

12