JUSTICE BAKER,
dissenting.
¶23 The law in this state is that courts will construe exemption laws liberally in favor of the debtors for whose benefit they were enacted, so long as plain legislative mandates are not disregarded. See e.g. In re Archer, 2006 MT 82, ¶ 15, 332 Mont. 1, 136 P.3d 563; Neel v. First Fed. Sav. & Loan Assn. of Great Falls, 207 Mont. 376, 383, 675 P.2d 96, 100 (1984); Oregon Mortgage Co. v. Dunbar, 87 Mont. 603, 606, 289 P. 559, 560 (1930). For as long as Montana has been a state, its Constitution has required the Legislature to “enact liberal homestead and exemption laws.” 1972 Mont. Const, art. XIII, §5; 1889 Mont. Const, art. XIX, §4. In 1893, this Court said that Montana’s exemption law “should be construed in harmony with its humane and remedial purpose. Its design was to shield the poor, and not to strip them; the interest it assumes to protect is that belonging to the debtor, be it more or less.” Ferguson v. Speith, 13 Mont. 487, 496, 34 P. 1020, 1023 (1893) (quoting Stewart v. Brown, 37 N.Y. 350 (N.Y. 1867)); see also Bank of America v. Ivey, 2010 MT 131, ¶ 9, 356 Mont. 388, 234 P.3d 867 (citing Ferguson). Procedural requirements also have been interpreted liberally in favor of debtors. In Williams v. Sorenson, 106 Mont. 122, 126, 75 P.2d 784, 786 (1938), this Court held that “[a] substantial compliance with the statute is sufficient and technical objections will not defeat an exemption claim.” See also Neel, 207 Mont. at 382, 675 P.2d at 100 (quoting Williams).
¶24 Judgment debtors in Montana have a property interest in statutory exemptions from execution which is protected by the due process guarantees contained in the Montana and United States Constitutions. Dorwart, ¶ 75. Due process requires that a judgment debtor whose property has been seized receive notice of the seizure of property, notice of the existence of exemptions and how to locate more *518 information about them, notice of the procedures by which the debtor may claim the available exemptions, and a prompt hearing on whether property is exempt. Dorwart, ¶¶ 87-97, 103.
¶25 In response to Dorwart, the Montana Legislature adopted notice and hearing provisions applicable to executions upon the property of a judgment debtor. 1999 Mont. Laws, ch. 89, §1-3; §25-13-211 to - 213, MCA. Until 2007, the procedure for claiming an exemption from execution was simple: the judgment debtor was required to file a written request for a hearing with the court that issued the execution within ten days of the date notification of seizure was mailed, and mail copies to the judgment creditor and to the levying officer. Section 25-13-212(1), MCA (2005). The court was then required to hold an exemption hearing within ten days of the request. Section 25-13-212(3), MCA (2005).
¶26 In 2007, the Montana Legislature amended the procedure for claiming an exemption to require the judgment debtor to attach to the request and copies “a written statement that describes the property that the judgment debtor claims is exempt and the reasons for the claim that the property is exempt,” as well as “any documentation upon which the judgment debtor is relying for the exemption claim.” 2007 Mont. Laws ch. 457, §2; §25-13-212(1), MCA (2007). Proponents of this amendment stated that its purpose was not to complicate a judgment debtor’s claim of exemption, but rather to “streamline” it, by providing creditors with the information supporting an exemption claim faster and allowing creditors to recognize the exemption without the parties and the courts going through the time and expense of a hearing. Mont. S. Jud. Comm., Hearing on SB 227, 60th Reg. Sess. (Jan. 19, 2007), 02:50-03:40 (opening statement by sponsor Sen. Jesse Laslovich), 07:50-09:10 (statement by proponent Michael Moore), 12:40-16:00 (statement by proponent Bruce Spencer); Mont. H. Jud. Comm., Hearing on SB 227, 60th Reg. Sess. (Mar. 21, 2007), 18:40-19:10 (opening statement by sponsor Sen. Jesse Laslovich), 22:40-23:50 (statement by proponent Michael Moore), 38:30-40:50 (proponent Michael Moore). It appears from this case, however, that the 2007 amendments are instead being used by creditors to deny judgment debtors an opportunity for hearing on their timely exemption claims.
¶27 In McCrea’s case, her timely written request for a hearing described the property that she claimed was exempt-Tt]he $911.00 levied on my account on July 1, 2011”-and gave two possible reasons for the claim-fehat the money constituted earnings or federally protected benefits. Although McCrea did not attach any documentation of her claims, it is not clear whether she was informed of the necessity *519 of doing so.
¶28 Section 25-13-211(1), MCA, requires the notice of seizure of a judgment debtor’s property to:
(c) advise the judgment debtor that the judgment debtor may be entitled to claim an exemption from execution on the property as described in part 6 of this chapter or other provisions of state or federal law; and
(d) state the procedure by which the judgment debtor may claim an exemption and file a request for an exemption hearing.
There is no requirement that a copy of the notice of seizure be filed with the court, and the court record in this case does not include one. The writ of execution, which was filed, includes the following directive: ‘The notice of seizure must comply with the legislation enacted by the Montana State Legislature effective March 16, 1999.” Thus, there is nothing in the record to indicate whether McCrea was informed of the need to provide the more detailed statement and documentation required by the 2007 legislation in order to have an exemption hearing. ¶29 Likewise, the record is not sufficient to conclude that any notice provided was "reasonably calculated to inform [McCrea] of the action and afford [her] an opportunity to present objections.” Dorwart, ¶ 93; see also Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 14, 98 S. Ct. 1554, 1563 (1978) (‘The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending ‘hearing.’ ”). In McCrea’s case, as in many cases involving execution on a judgment, one of the circumstances to consider is that she was representing herself. Courts generally give pro se litigants reasonable latitude and flexibility in presenting their cases, so long as flexibility does not give way to abuse and the other party is not prejudiced. See Greenup v. Russell, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124 (citing First Bank (N.A.)-Billings v. Heidema, 219 Mont. 373, 376, 711 P.2d 1384, 1386 (1986)).
¶30 Under the circumstances, in the absence of a record indicating that McCrea was notified of the requirement to submit specific documentation, I would hold that, at a minimum, the District Court should have given McCrea the opportunity to supplement her hearing request under § 25-13-212, MCA, once she was informed of the documentation needed to substantiate her exemption claims. On that basis, I would reverse.